90 So.2d 123 (1956)
John Adelbert HAZEN, Petitioner,
v.
Nathan MAYO, as Prison Custodian of the State of Florida, Respondent.
Supreme Court of Florida. Special Division B.
October 24, 1956.
John Adelbert Hazen, pro se, for petitioner.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
The petitioner is imprisoned in the state prison on a charge and conviction of uttering a forged instrument. The judgment was entered after petitioner had admitted the facts forming the basis for the charge against him and had pleaded guilty to the charge. By a petition for the writ of habeas corpus, he contended that he was illegally detained because (1) the information filed against him is fatally defective, (2) he did not intend to plead guilty to the charge upon which he was convicted, and (3) the court failed to allow counsel when requested. The writ issued, the respondent *124 filed a return thereto, and the cause is now before the court on the issues thereby made.
The information was not fatally defective. The petitioner was charged with uttering a forged bank check, knowing it to be forged, with the intent to injure the payee of the check. The check was set out in full in the information. The fact that the information did not allege, in detail, the manner in which the instrument was forged did not invalidate it. "The means adopted to produce the instrument are utterly immaterial in a charge of uttering a forged instrument. The offense consists in trying to defraud another by the use of a writing which the culprit knows to be a forgery, however created, whether by falsely making or altering it." Harrell v. State, 1920, 79 Fla. 220, 83 So. 922, 923.
The endorsement of a check may be the subject of forgery. Smith v. State, Fla., 59 So.2d 625, 34 A.L.R.2d 772. The petitioner admitted that he stole a check made payable to one Anderson, wrote Anderson's name on the check, and tried unsuccessfully to get it cashed at a bar. When arrested upon information supplied by the bartender, the check was in petitioner's possession. The petitioner says that he intended to plead guilty to "intent to create a forgery," but that he was not guilty of "uttering a forgery" because his attempt to cash the check was unsuccessful. What the petitioner does not understand is that it is not essential to a charge of "uttering a forged instrument" that the utterer be successful in his attempt to defraud another. Generally "the mere offer of the false instrument with fraudulent intent constitutes an uttering or publishing, the essence of the offense being, as in the case of forgery, the fradulent intent regardless of its successful consummation; * * *" 23 Am.Jur., Forgery, Sec. 5, page 677. There can be no doubt that the petitioner knew he was charged with forging Anderson's name to the check and attempted to cash it. He knew he had violated the law by such illegal actions; and that he may not have known the technical legal name of his offense is not a sufficient basis for his release from custody in these proceedings.
Nor do we think the petitioner has shown that he was denied due process of law in the matter of his plea of guilty without benefit of counsel. He does not allege that he asked the court to supply him with counsel. He simply says that he "asked the court for an additional time period to obtain an attorney, but was advised that would cost money and in that manner forbid him to obtain counsel." This allegation, without more, is clearly insufficient to show that petitioner was denied due process of law.
The return of the respondent is sufficient to show that the petitioner is lawfully detained, so the writ is quashed.
DREW, C.J., and THORNAL and O'CONNELL, JJ., concur.