PEARSON, Judge.
The appellant was found guilty of and sentenced for the crime of “Attempting to Utter a Forged Instrument”. He contends that there is no such crime in this state and that because he was specifically found not guilty of the crime of uttering a forged instrument he must be discharged. We disagree and therefore affirm.
Appellant was charged by an information in two counts with (1) forgery of a check; (2) uttering of a forged check. At the conclusion of the trial before the court, the appellant moved for a judgment of acquittal. The court found appellant not guilty on count one but adjudicated him guilty of “attempted uttering a forged instrument, as to Count Two, based upon the testimony.” Subsequently when the judgment was entered, it read that the conviction was for “attempting to utter a forged instrument.”
There is no distinction at law between uttering a forged instrument and attempting to utter a forged instrument. This is true because an uttering is proved as fully by an attempt to negotiate a forged instrument as it is proved by a completed negotiation. Harrell v. State, 79 Fla. 220, 83 So. 922 (1920); Hazen v. Mayo, Fla. 1956, 90 So.2d 123.
Section 919.16, Fla.Stat., F.S.A., provides that upon an information charging a defendant with an offense, the defendant may be convicted of an attempt to commit such offense “if such attempt is an offense.” The question thus becomes: If an attempt to utter a forged instrument is not a crime separate from uttering a forged instrument, is it “an offense” within the meaning of § 919.16? We hold that the fact that an attempt to utter a forged instrument is also the uttering of a forged instrument does not mean that an attempt to utter a forged instrument is not an offense. It would seem illogical to hold that because an attempt is as large as the crime, it is not a crime. It is true that the attempt *747 is not a separate crime; but it is an offense. We presume that the trial judge was fully aware of the law that an attempt to utter a forged instrument may be punished as the uttering of a forged instrument. It follows that he inserted the word “attempt” to show that the uttering was not complete and as a predicate for the less than maximum sentence.
No harmful error has been shown. The judgment and sentence are affirmed.
Affirmed.
CHARLES CARROLL, C. J., dissents.