317 So.2d 852 (1975)
Willie James KING, Appellant,
v.
STATE of Florida, Appellee.
No. V-447.
District Court of Appeal of Florida, First District.
August 28, 1975.
*853 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
We here consider the issue of whether there exists under Florida law the offense of attempted uttering of a forged instrument. Appellant, defendant below, was charged with and convicted of uttering a forged instrument as defined by F.S. 831.02. He argued unsuccessfully in the court below that the jury should be instructed as to a lesser included offense of attempted uttering, pursuant to Rule 3.510, RCrP.
Appellant realizes that in order for the trial judge to instruct the jury on the attempt, he must establish that attempted uttering is an offense cognizable under Florida law. In support of this proposition, appellant relies on Edwards v. State, Fla.App.3rd 1969, 223 So.2d 746. For reasons expressed below, we refuse to follow the reasoning of the Third District as revealed in the Edwards case. As recognized by the Third District in its decision, "* * * an uttering is proved as fully by an attempt to negotiate a forged instrument as it is proved by a completed negotiation. Harrell v. State, 79 Fla. 220, 83 So. 922 (1920); Hazen v. Mayo, 90 So.2d 123 (Sup.Ct.Fla. 1956)." Nevertheless, the Third District held that merely because attempted uttering is not a separate crime from the offense of uttering itself, attempted uttering may be considered a separate offense for the purposes of F.S. 919.16.[1] Logic dictates to us a different conclusion. If a crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime. (22 C.J.S. Criminal Law § 74) We, therefore, hold that there is no offense nor crime under Florida law of attempt to utter a forged instrument. Accordingly, the trial court was correct in refusing to give the standard jury instruction on attempt as requested by the appellant.
We have examined the remaining points raised by the appellant on appeal in light of the applicable law and the relevant facts as contained within the record, and find them to be without merit. The judgment and sentence rendered by the lower court are, therefore,
Affirmed.
RAWLS and McCORD, JJ., concur.
NOTES
[1] The language in F.S. 919.16 is virtually identical to the language contained in Rule 3.510, RCrP.