339 So.2d 172 (1976)
William James KING, Petitioner,
v.
STATE of Florida, Respondent.
No. 48091.
Supreme Court of Florida.
October 7, 1976.
Richard W. Ervin, III, Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for respondent.
PER CURIAM.
We have granted certiorari without oral argument in this case because of conflict between the opinion of the District Court of Appeal, First District, reported at 317 So.2d 852, and Edwards v. State, 223 So.2d 746 (Fla.3d DCA 1969). We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution.
After examining the briefs submitted by the parties to this cause, we conclude that there is a conflict in decision. Upon review of the authorities and reasoning relied on by the First and Third District Courts of Appeal in reaching the inconsistent results demonstrated by the two opinions, we are persuaded to the conclusion reached by the First District Court of Appeal. Accordingly, we adopt in its entirety the relevant portion of the opinion filed by the District Court of Appeal, First District:
"BOYER, Chief Judge.
"We here consider the issue of whether there exists under Florida law the offense of attempted uttering of a forged instrument. Appellant, defendant below, was charged with and convicted of uttering a forged instrument as defined by F.S. 831.02. He argued unsuccessfully in the court below that the jury should be instructed as to a lesser included offense of attempted uttering, pursuant to Rule 3.510, RCrP.
"Appellant realizes that in order for the trial judge to instruct the jury on the attempt, he must establish that attempted uttering is an offense cognizable under Florida law. In support of this proposition, appellant relies on Edwards v. State, Fla.App.3rd 1969, 223 So.2d 746. For reasons expressed below, we refuse to follow the reasoning of the Third District as revealed in the Edwards case. As recognized by the Third District in its decision, `* * * an uttering is proved as fully by an attempt to negotiate a forged instrument as it is proved by a completed negotiation. Harrell v. State, 79 Fla. 220, 83 So. 922 (1920); Hazen v. Mayo, 90 So.2d 123 (Sup.Ct.Fla. 1956).' Nevertheless, the Third District held that merely because attempted uttering is not a separate crime from the offense of uttering itself, attempted uttering may be considered a separate offense for the purposes of F.S. 919.16.[1] Logic dictates to us a different conclusion. If a crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime. (22 C.J.S. `Criminal Law' § 74) We, therefore, hold that there is no offense nor crime under Florida law of attempt to utter a forged instrument. Accordingly, the trial court was correct in refusing to give the standard jury instruction *173 on attempt as requested by the appellant.
"[1.] The language in F.S. 919.16 is virtually identical to the language contained in Rule 3.510, RCrP."
* * * * * *
"Affirmed.
"RAWLS and McCORD, JJ., concur."
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.