365 So.2d 1079 (1979)
Thomas Joseph VOGEL, Appellant,
v.
STATE of Florida, Appellee.
Thomas Joseph VOGEL, Petitioner,
v.
George L. CANSLER, As Corrections Administrator, Volusia County Department of Corrections, and As Director of the Volusia County Correctional Facility, Respondent.
Nos. KK-274, LL-272.
District Court of Appeal of Florida, First District.
January 9, 1979.
*1080 Michael J. Minerva, Public Defender and Louis G. Carres, Asst. Public Defender, for appellant and petitioner.
Robert L. Shevin, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee and respondent.
BOYER, Judge.
Vogel was convicted of attempted possession of burglary tools. Judgment and sentence was entered May 25, 1978. A direct appeal was timely taken to this court, Case No. KK-274.
On September 21, 1978, while Vogel's appeal was pending, the Florida Supreme Court held in State v. Thomas, 362 So.2d 1348 (Fla. 1978) that there is no such crime in Florida as attempted possession of burglary tools.
On September 27, 1978, petitioner filed in this court a petition for writ of habeas corpus, Case No. LL-272.
By separate order the two cases above mentioned have been sua sponte consolidated.
The State urges that since Vogel failed to make any objection at trial regarding the instruction and charge relating to attempted possession of burglary tools he may not do so here. While it is true that as a general rule, a person will not be heard to complain on appeal about a matter which could have been raised as error in the trial court but was not, a well known exception is "fundamental error".
Fundamental error has been defined as error which goes to the foundation of the case or goes to the merits of the cause of action. (Sanford v. Rubin, 237 So.2d 134 (Fla. 1970)) We are of the view that that doctrine is applicable sub judice. (c.f. Hornsby v. State, 352 So.2d 954 (Fla. 1st DCA 1977))
Although the Supreme Court did not announce in State v. Thomas, supra, whether that decision should be given retrospective or prospective application, we apply it retrospectively. Judicial conscience cannot allow a person to remain imprisoned for a crime which the Supreme Court has held does not exist. Such is especially true where, as here, a timely appeal from adjudication of guilt was pending at the time the Supreme Court rendered its decision determining that there was no such crime.
Accordingly, the judgment and sentence appealed in Case No. KK-274 are reversed and the petition for writ of habeas corpus in Case No. LL-272 is granted. Vogel shall be forthwith released from incarceration under and by virtue of said judgment and sentence.
IT IS SO ORDERED.
McCORD, C.J., and SMITH, J., concur.