374 So.2d 1167 (1979)
Donald Earl MILES, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1.
District Court of Appeal of Florida, Second District.
September 19, 1979.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
*1168 Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
Appellant seeks reversal of his conviction for second degree grand theft because the court refused his request to charge the jury on attempted second degree grand theft. Appellant would prevail if there were such a crime as attempted grand theft. Lomax v. State, 345 So.2d 719 (Fla. 1977). However, we believe that the legislature's use of the word "endeavors" in the theft statute, Section 812.014(1), Florida Statutes (Supp. 1978), is equivalent to the use of the word "attempts." To endeavor to do something means to make an attempt to do it. When the definition of the major offense charged includes the attempt to commit that act, there can be no separate crime of attempt. State v. Thomas, 362 So.2d 1348 (Fla. 1978). Thus, because there is no crime of attempted second degree grand theft, the court did not err in refusing to charge on it.
On the other hand, we find merit in appellant's objection to his enhanced sentence of ten years as an habitual felony offender. Section 775.084, Florida Statutes (1977), provides in pertinent part as follows:
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has:

a. Previously been convicted of a felony in this state;
b. Twice previously been convicted of a misdemeanor of the first degree in this state or of another qualified offense for which the defendant was convicted after the defendant's 18th birthday;
.....
(c) "Qualified offense" means any offense in violation of a law of another state or of the United States that was punishable under the law of such state or the United States at the time of its commission by the defendant by death or imprisonment exceeding 1 year or that was equivalent in penalty to a misdemeanor of the first degree. (Emphasis supplied.)
The only previous conviction which the court relied upon in sentencing appellant as an habitual felony offender was an Alabama conviction for manslaughter. However, the plain wording of the statute requires two out-of-state convictions. Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979). The words "of another qualified offense" in Section 775.084(1)(a)1.b. cannot be read, as the state suggests, to require only one qualified offense because of the words "Twice previously been convicted" which first appear in the same subsection. Moreover, to adopt the state's argument would mean that two first degree misdemeanors committed within the State of Florida would be required to declare a person an habitual felony offender whereas a single first degree misdemeanor from another state would suffice.
Accordingly, we affirm the judgment of the court, but we vacate the sentence and remand for the purpose of sentencing appellant without enhancement.
OTT, J., and STRICKLAND, J. TIM, Associate Judge, concur.