380 So.2d 1064 (1980)
Kenneth Roger McINTYRE, Appellant,
v.
STATE of Florida, Appellee.
No. 79-280.
District Court of Appeal of Florida, Second District.
February 1, 1980.
Rehearing Denied March 6, 1980.
*1065 Jack O. Johnson, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
Appellant complains that he was convicted of the crime of attempted grand theft, despite the fact that this court recently held that there is no crime of attempted grand theft. Miles v. State, 374 So.2d 1167 (Fla. 2d DCA 1979).
Ordinarily, one cannot be convicted of a nonexistent crime. Vogel v. State, 365 So.2d 1079 (Fla. 1st DCA 1979). However, the peculiar circumstances of this case warrant an exception to the general rule.
In the first place, appellant's attorney specifically requested the instruction on attempted grand theft. The state objected on the ground that there was no crime of attempted grand theft, even though at that time we had not yet rendered our decision in Miles. In an abundance of caution, the court granted appellant's request. We do not think appellant should now be able to complain of an error which he promoted. We find analogous the line of cases which have held that a person cannot complain of his conviction for a crime which is not a lesser included offense of the crime with which he was charged when it appears that he induced the error. E.g., Jones v. State, 358 So.2d 37 (Fla. 4th DCA 1978). We hasten to emphasize that this is not a case in which appellant simply failed to object to a proposed instruction on a nonexistent crime. See Vogel v. State.
Moreover, attempted grand theft is not nonexistent in the sense that the activity encompassed by such a charge is not a crime. Rather, the legislature has simply merged this crime with the crime of grand theft by the use of the phrase "endeavors to obtain or to use" in the theft statute, Section 812.014, Florida Statutes (1979). Miles v. State. Thus, evidence of an attempt to commit grand theft can convict a person of the crime of grand theft. Since there was competent and substantial evidence that at the very least appellant attempted to commit grand theft, no prejudice could result from construing the verdict as a finding of guilt for grand theft.
*1066 We affirm the judgments[1] but remand the case with instructions to correct the judgment on attempted grand theft to reflect a conviction for grand theft of the second degree.
BOARDMAN and RYDER, JJ., concur.
NOTES
[1] Appellant was also convicted of burglary. His remaining two points on appeal which were directed to both crimes are without merit.