382 So.2d 107 (1980)
Losko BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1066/T4-113.
District Court of Appeal of Florida, Fifth District.
March 26, 1980.
Rehearing Denied April 16, 1980.
*108 Richard L. Jorandby, Public Defender, and Sara Bresky, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a conviction and sentence in a grand theft case. Appellant alleges two errors, the first of which is the court's failure to instruct the jury as to the alleged lesser included offense of attempted grand theft. The crime charged is "[a] person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or use, the property of another... ." Fla. Stat. 812.014(1) (1979). This statute is different from the previous grand larceny statute in that no distinction is made between the theft and the "endeavor." We agree "endeavor" means "attempt" and the law now makes no distinction between the actual stealing and the attempt to steal and punishes both the same. State v. Tomas, 370 So.2d 1142, 1143 (Fla. 1979); State v. Allen, 362 So.2d 10, 12 (Fla. 1978). Therefore, we affirm the conviction.
The second attack on appeal concerns the trial court's failure to follow the statutory guidelines in passing an enhanced penalty sentence upon the appellant. Fla. Stat. 775.084 (1979). We agree. The trial court failed to specifically find the enhanced penalty was necessary for the protection of the public. Just because the appellant was previously convicted of a felony within five years of the commission of the crime in this case does not mean he automatically is subject to a greater term of years in prison. It must be pleaded, proved and found that the extended term in prison is necessary for the protection of the public. Grey v. State, 362 So.2d 425 (Fla. 4th DCA 1978).
The findings of fact to support the enhanced penalty need not be in writing but must be on the record in order to afford review. King v. State, 369 So.2d 1031 (Fla. 4th DCA 1979). Upon resentencing, the trial judge cannot sentence appellant to an indeterminate sentence, as he did before, *109 because the legislature has disallowed such a sentence in the punishment of habitual criminals. Fla. Stat. 921.18 (1979).
Judgment affirmed, sentence reversed and remanded for resentencing.
ORFINGER and COBB, JJ., concur.