387 So.2d 375 (1980)
Stephen C. ACHIN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1060.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
Rehearing Denied September 24, 1980.
*376 Steve Lange of Sandstrom & Haddad, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Chief Judge.
The defendant invited a lesser included offense instruction of attempted extortion. Upon conviction thereof he now claims that he must go free because such a crime does not exist. We affirm.
We begin by agreeing that the crime of attempted extortion does not exist. Section 836.05 of the Florida Statutes (1977) reads:
836.05 Threats; extortion.  Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Without laborious analysis of the statutory language we find it abundantly clear that money need not actually be extracted from the victim and that an attempt to extract it is clearly within the language and scope of the statute defining the crime of extortion.
We are also aware that one normally cannot be convicted of a crime that does not exist Vogel v. State, 365 So.2d 1079 (Fla. 1st DCA 1979). However, we hold the error is not invariably fundamental and where the error is deliberately invited and the instruction not objected to, the defendant shall not be heard to complain about the result.
In the case at bar, the following colloquy took place at the charge conference.
THE COURT: Do either of you have any special instructions to present to the Court?
MR. SANDSTROM: [defense attorney] Well, it ended a little prompt. Do you have one in there that defines each of the words that are in here?
THE COURT: I don't know. I never had a case like this before.
Are there any lesser offenses of this?
MR. SANDSTROM: There is always attempt.
THE COURT: Other than the attempt.
I guess we better go in the office. This doesn't have anything in here.
(Thereupon, a short recess was taken.)
......

*377 MR. SCHAEFER: [State attorney] I would like, at least for the purpose of closing argument, that we know what the lesser includeds are.
THE COURT: The only lesser would be attempted, as far as I know.
No lessers have been requested?
MR. SANDSTROM: Right.
This representation by a most able defense attorney may not rise to the level of a demand for an instruction on a nonexistent criminal offense such as occurred in McIntyre v. State, 380 So.2d 1064 (Fla. 2d DCA 1980), but it comes close. Moreover, when it is considered in conjunction with a failure to object when the instruction was given to the jury, we agree with the Second District that the defendant should not now be heard to complain about an error which he both induced and promoted. See McIntyre, supra. He did more, much more than just remain silent and we must again borrow Judge Schwartz' language and remark that such "gotcha" maneuvers should not be allowed to succeed Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979).
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.