397 So.2d 991 (1981)
George Washington SYKES, Appellant,
v.
STATE of Florida, Appellee.
No. UU-123.
District Court of Appeal of Florida, First District.
April 22, 1981.
Rehearing Denied May 26, 1981.
*992 Michael J. Minerva, Public Defender, and Margaret Good, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
SMITH, Judge.
Appellant's first point, the trial court's failure to give jury instructions on penalties, requires reversal. Tascano v. State, 393 So.2d 540 (Fla. 1980). Ordinarily, this point would require remand for a new trial; however, the second point raised by appellant requires his discharge. Appellant was tried for the offense of grand theft. The trial judge gave a jury instruction on "attempt" to commit the offense of grand theft, to which there was no objection. The jury returned a verdict of guilty of attempted grand theft, and he was sentenced for that offense.
Appellant maintains that there is no such offense under Florida law as "attempted grand theft"; that a person cannot be convicted of a nonexistent crime; that the jury's verdict must be regarded as an acquittal of the offense of grand theft, and that he must accordingly be discharged. We find, regrettably, that Florida case law supports each of appellant's contentions, and he must be discharged unless, upon this court's certification to it, the Florida Supreme Court decides otherwise.
In Vogel v. State, 365 So.2d 1079 (Fla. 1st DCA 1979), this court held that a person cannot be imprisoned for a crime (attempted possession of burglary tools) which does not exist. Furthermore, although the error in the court's instruction and the jury verdict of attempted possession of burglary tools was not raised in the trial court, the matter was treated on appeal as "fundamental error." The Florida cases consistently follow the fundamental error rule in cases in which the nonexistence of the crime of "attempt" is based upon a "merger," or inclusion of acts amounting to an attempt to commit the crime in the statutory definition of the substantive offense itself. See Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976); Pagano v. State, 387 So.2d 349 (Fla. 1980); and McAbee v. State, 391 So.2d 37 (Fla. 2nd DCA 1980). Furthermore, one case has specifically held that there is no such offense as "attempted second degree grand theft" under the current grand theft statute, Section 812.014(1). Miles v. State, 374 So.2d 1167 (Fla. 2nd DCA 1979); and another case holds that the law now makes no distinction between "actual stealing and the attempt to steal." Bell v. State, 382 So.2d 107 (Fla. 5th DCA 1980).
McIntyre v. State, 380 So.2d 1064 (Fla. 2nd DCA 1980), represents an exception to the general rule that a conviction of an *993 attempt to commit an offense will be set aside, and the defendant discharged, where the offense itself includes an attempt to commit the crime. In McIntyre, the court held that the defendant's conviction for attempted grand theft would be construed as a finding of guilt of the substantive offense of grand theft. In doing so, the court relied upon the "peculiar circumstances," which it explained as, first, the fact that the defendant's attorney specifically requested the instruction on attempted grand theft; secondly, the statute has simply merged the offense of "attempt" with the crime of grand theft by use of the phrase "endeavors to obtain or to use" in defining the offense; and thirdly, since there was ample evidence that the defendant attempted to commit grand theft, no prejudice could result from construing the verdict as a finding of guilt for grand theft. See also Achin v. State, 387 So.2d 375 (Fla. 4th DCA 1980).
Here there was no defense request for the "attempt" charge. Otherwise, the circumstances presented here are no different than those in McIntyre, and if the Florida Supreme Court had not so recently, in Pagano v. State, supra, held unequivocally that there can be no conviction of an attempt when the attempt itself is included within the statutory definition of the crime itself, we would be tempted to affirm the conviction. As matters now stand we are bound by this court's decision in King v. State, 317 So.2d 852 (Fla. 1st DCA 1975), affirmed 339 So.2d 172 (Fla. 1976), as well as Pagano, to hold that a conviction of an attempt to commit an offense, when an attempt to commit the offense is a part of the substantive crime itself, is a conviction of a non-existent offense. Under Vogel, supra, this is not a valid conviction, and there must be a reversal and discharge of the defendant. We might be able to distinguish our decision in King by pointing out that the court there was dealing with an alleged error in the trial judge's failure to give a jury instruction on attempts, quite a different matter from the one we face here, that of the effect of the trial judge's erroneous giving of the attempt instruction, where the jury returned a conviction of the attempt offense. We might also distinguish Vogel, supra, in that the offense of "attempted possession of burglary tools" apparently is a crime that cannot exist in fact whereas we deal here with a crime (attempted grand theft) that may be committed in fact, but when it occurs it becomes (by legislative fiat) the offense of grand theft itself. In view of the Florida Supreme Court's approval of King and its recent decision in Pagano, such efforts would be unavailing.
Under what appears to be the established law of the state, the trial judge in a criminal case is in somewhat of a dilemma. If there can be an offense of "attempt" to commit the crime charged in the information or indictment, the trial judge is mandatorily required by Rule 3.510, F.R.Cr.P., to instruct on "attempt," and the failure to instruct the jury upon proper request and to allow them to return a verdict on that charge if they are so inclined is generally reversible error. Brown v. State, 206 So.2d 377 (Fla. 1968); Holloway v. State, 362 So.2d 333 (Fla. 3rd DCA 1978), cert. denied, 379 So.2d 952 (Fla. 1980); Pagano v. State, supra. Thus, the trial judge, accustomed to complying with the rule, in many cases is likely to give the attempt instruction even without request, especially in the absence of any objection. However, if the trial judge gives an instruction on attempt to commit the crime, not requested by the defense, even in the absence of any objection by the defense, if the defendant is convicted of the attempt, and an appellate court determines that an attempt to commit the crime is not an offense because it is merged in the crime itself, the conviction must be reversed and the defendant must be discharged. Trial judges and trial counsel in the criminal courts are generally accustomed to dealing with curious ramifications and complexities in the law. However, the frequency with which the criminal statutes in recent years have been modified, new crimes created, and old ones amended makes it all the more difficult for those who must wrestle with the problem in the trial courts to know which attempted criminal offenses may be *994 "crimes," and which may not. Thus, to use the well-worn but nevertheless appropriate expression, we have a "Catch-22."
We think the rule we are required to follow here leads to absurd results and does nothing to further the cause or the appearance of justice. Consider: The defendant can receive a "jury pardon" if the jury decides to convict of a "lesser included offense" (Rule 3.510, F.R.Cr.P.), even though the offense may or may not not have been in fact committed. Paradoxically, under the "merged attempt" rule, a defendant must be set free by the appellate courts if he is convicted of an attempt to commit the offense, even though the offense of "criminal attempt" (Section 777.04(1), Florida Statutes) was in fact committed by the defendant, and the attempt is by law the offense.
While we cannot presume to speak for the courts that rendered the decisions we are compelled to follow, our analysis suggests to us a plausible explanation for the undesirable result we have alluded to. In cases dealing with the failure to give a jury instruction on "attempt," where the attempt is merged with the crime itself, the appellate courts (with exception of the Third District, Edwards v. State, 223 So.2d 746 (Fla. 3rd DCA 1969), have avoided reversal by employing the "no crime" rationale. When faced with a jury conviction of a similar "attempt" offense, it appears that the courts (probably for the sake of consistency) felt obliged to follow the same "no crime" approach, which of course mandated discharge of the defendant. Perhaps some fault lies in the inconsistency inherent in the amended grand theft (formerly larceny) statute itself, which requires judges and jurors to find that one who "endeavors" to commit grand theft commits grand theft.
Nevertheless, our consideration of the problem suggests to us that the irrational result reached in the "merged attempt" cases might have been avoided without doing violence to any established principle of law, and without invoking any rule prejudicial to the rights of the defendant on trial.[1] Instead of employing the "no crime" rationale, (in the failure to instruct cases) the same result could have been reached (and on a much more logical basis, we think) by holding that if an attempt to commit an offense is the same as the offense itself (the merger theory), an instruction on "attempt" to commit the offense would be a redundancy, and the failure to give it would be harmless error. On the other hand, if an instruction on attempt (although not required) is given, without objection, and the jury convicts, the defendant should have no ground for complaint, because he will have been convicted of that of which he is actually guilty.
Our views obviously coincide with those expressed by Judge Tillman Pearson, in Edwards v. State, 223 So.2d 746 (Fla. 3rd DCA 1969), in which he stated (Id. at 746):
We hold that the fact that an attempt to utter a forged instrument is also the uttering of a forged instrument does not mean that an attempt to utter a forged instrument is not an offense. It would seem illogical to hold that because an attempt is as large as the crime, it is not a crime. (Emphasis supplied)
Of course, the rationale we suggest was implicitly rejected by this court and the Florida Supreme Court in King v. State, supra, affirmed 339 So.2d 172 (Fla. 1976), by its disapproval of Edwards v. State, supra. Interestingly enough, however, as support for the King ruling this court (with the Supreme Court's approval) referred to Corpus *995 Juris Secundum as authority for the statement (339 So.2d 172, at 172):
If a crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime. (22 C.J.S. `Criminal Law' § 74)
We find the rule (if it is a rule) stated somewhat differently in the text of C.J.S. itself, as follows:
Although criticized as a generalization which tends merely to divert the attention of the court from the real issue in the case, there can be no attempt to commit a crime which is itself a mere attempt to do an act or to accomplish a result. (22 C.J.S., "Criminal Law," § 74, page 226)
There is no way for us to know whether omission of the word "mere" ("a mere attempt") in the King courts' reading of C.J.S. had any bearing on its decision or not. To us, there seems to be a difference between the concept of "a crime which is a mere attempt to do an act" (emphasis supplied), and a crime which may be accomplished in several ways, one of which is by attempting to complete the prohibited generic offense itself. Since the crime of grand theft is not itself a "mere attempt" to do an act or accomplish a certain result, the rule stated in C.J.S. above quoted has no application.
With exception of the Third District, in Edwards v. State, supra, the appellate courts seemingly have failed to take into account the fact that the attempt statute, Section 777.04(1), Florida Statutes by its express language creates a separate substantive offense known as "criminal attempt." The statute reads:
(777.04)
(1) Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of the same, commits the offense of criminal attempt and shall, when no express provision is made by law for the punishment of such attempt, be punished as provided in subsection (4). (Emphasis supplied)
This statute should be construed, in our opinion, in line with the general rule as stated in 22 C.J.S. "Criminal Law", § 74 (page 226):
Since the function of the law of criminal attempt is to permit the courts to adjust the penalty in cases where conduct falls short of a completed crime, an attempt to commit a crime is, as a general rule, an indictable offense, which is separate and distinct from the crime itself.
In cases where the jury is instructed and returns a verdict of guilty of an attempt to commit the offense, when such an attempt is merged in the crime itself by statute, the effect would simply be a "jury pardon" just as it could be if there were no merger, and just as a conviction of a lesser included offense may be a "jury pardon."
Furthermore, punishment for conviction of a criminal attempt, whether merged in the generic offense or not, when based on a jury instruction under the attempt statute, should be in accordance with the statute. Again referring to 22 C.J.S. "Criminal Law", § 74, we find the following with respect to applicability of attempt statutes (page 227):

Applicability of statutes. A statute making it a crime to attempt to commit an offense is intended to be of a general nature, punishing all attempts to commit any crime, and it has been held to apply only where there is no other specific provision of law punishing such attempt.
In the case of grand theft, there is no other specific provision punishing the attempt. The only penalty provision provided for grand theft is the penalty for grand theft itself.
We are at a loss to justify a ruling which requires the statute on attempts, which proscribes the separate offense of "criminal attempt," to be disregarded so that one convicted of an attempt to commit grand theft must be discharged when the evidence *996 clearly warrants conviction of that offense.[2] Yet because we are bound by precedents both of this court and the highest court in the state, we are compelled to reverse the judgment and sentence appealed and order that the defendant be discharged.
In view of the frequency with which this and other courts of this state have been and are likely to be required to discharge convicted criminal offenders upon what we consider to be an erroneous and illogical application of the law, we certify to the Florida Supreme Court, pursuant to Rule 9.030(a)(2)(v), as a matter of great public importance, the following question:
When a trial court, following what it believes to be the requirements of the law, charges the jury on attempted grand theft under Sections 777.04(1) and 812.014, Florida Statutes, without objection, and the jury returns a verdict of guilty of attempted grand theft based upon evidence supporting a conviction for that offense, notwithstanding that the evidence would also support a conviction of grand theft, is the defendant entitled to be discharged?
Being mindful of the observation by some perspicacious individual that it is easier to see that something is wrong than how to fix it, we appeal only for some solution to this problem, leaving it to the highest court of the state as the court having supervisory jurisdiction over the administration of justice in Florida, to resolve the matter in the best way possible.
THOMPSON, J., and WILLIAM C. OWEN, Associate Judge (Ret.), concur.
NOTES
[1] In our opinion the problem presented by the "merged attempt" statutes should be dealt with separately and should not be obscured by the arguments as to whether there can be a crime of an "attempt" to "attempt a crime." See, however, the exhaustive discussion, both pro and con, in State v. Wilson, 218 Or. 575, 346 P.2d 115 (1959), in which the court criticized the generalization that there can be no such crime, and finally concluded that a conviction of "attempted assault with a dangerous weapon" was a valid conviction of a criminal offense. Further, at least one court has concluded, albeit in mere dicta, that no constitutional prohibition forbids the legislature from creating a crime of "an attempt to attempt a crime," if it can otherwise be done. Huebner v. State, 33 Wis.2d 505, 147 N.W.2d 646 (1967), at 650.
[2] No contention is made by appellant that the evidence would not support a verdict of guilty under the grand theft statute. We observe also that the evidence was such that a jury could easily have been led to conclude that a verdict of "attempted grand theft" logically fits the facts of the case. The victim's house was burglarized, and drag marks from his home led police officers to some nearby bushes where they found some of his property, including a rifle bearing a fingerprint later matched with appellant's print. Shortly after the police left the victim returned to the wooded area where he encountered appellant and two other persons. Appellant obviously failed or was intercepted or was prevented in the complete execution of the crime, in the commonly understood but not the legal sense of those terms as used in the attempt statute, because he was unable to make his get-away with the stolen goods.