410 So.2d 510 (1981)
Timothy ERVIN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1763.
District Court of Appeal of Florida, Second District.
May 22, 1981.
Rehearing Denied July 8, 1981.
Jerry Hill, Public Defender, Bartow, Karal B. Rushing and Allyn Giambalvo, Asst. Public Defenders, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Timothy Ervin appeals his conviction and sentence for attempted dealing in stolen property, contending that the conviction is void as there is no such crime under Florida law. We agree and reverse.
Appellant was charged with dealing in stolen property in violation of section 812.019, Florida Statutes (1979). Section 812.019 provides: "(1) Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree... ." (Emphasis added.)
The trial court instructed the jury that an attempt to commit the crime charged constituted a lesser included offense of dealing in stolen property, defined the "lesser included crime," instructed on the penalties for the "crime," and included a verdict form for this "crime" in the prepared verdict forms submitted to the jury. When the jury subsequently indicated confusion as to the difference between the charged offense and an attempt to commit that offense, the trial court reinstructed them on the elements of both "crimes." The jury ultimately returned a verdict finding appellant guilty of "attempted dealing in stolen property," and appellant was adjudicated guilty of the "offense" and sentenced to five years in prison.
This court held in Miles v. State, 374 So.2d 1167 (Fla. 2d DCA 1979), that the legislature's use of the word "endeavors" in the theft statute, section 812.014(1), Florida Statutes (Supp. 1978), was equivalent to the use of the word "attempts" and that to endeavor to do something means to make an attempt to do it.
When the definition of the major offense charged includes the attempt to commit that act, there can be no separate crime of attempt. State v. Thomas, 362 So.2d 1348 (Fla. 1978); Miles v. State, supra; McAbee v. State, 391 So.2d 373 (Fla. 2d DCA 1980).
Although at trial appellant failed to object to the instruction on attempted dealing in stolen property, he is nonetheless entitled to raise the issue on appeal because it constitutes fundamental error. Fundamental error is defined as error which goes to the foundation of the case or to the *511 merits of the cause of action. Vogel v. State, 365 So.2d 1079 (Fla. 1st DCA 1979); McAbee v. State, supra. That doctrine applies to the instant case because there is no such crime as attempted dealing in stolen property.
For the above reasons, appellant's judgment and sentence are REVERSED and the cause REMANDED with directions to discharge appellant.
SCHEB, C.J., and BOARDMAN and OTT, JJ., concur.

ON MOTION FOR REHEARING, CLARIFICATION, AND CERTIFICATION OF DECISION
PER CURIAM.
Rehearing and clarification are denied. However, in view of the First District's certification to the Florida Supreme Court in Sykes v. State, 397 So.2d 991, No. UU-123 (Fla. 1st DCA, 1981), of the identical issue before us here, we hereby certify the same question:
When a trial court, following what it believes to be the requirements of the law, charges the jury on attempted grand theft under Sections 777.04(1) and 812.014, Florida Statutes, without objection, and the jury returns a verdict of guilty of attempted grand theft based upon evidence supporting a conviction for that offense, notwithstanding that the evidence would also support a conviction of grand theft, is the defendant entitled to be discharged?
SCHEB, C.J., and BOARDMAN and OTT, JJ., concur.