JOANOS, Judge.
Appellant contends that the trial court erred in denying his motion to dismiss the information charging him with attempted escape because it is a non-existent crime. We have determined that appellant was properly charged in the information and that the crime of attempted escape does exist. Therefore we affirm.
The information charged that appellant, “being lawfully confined as a prisoner in a prison, jail, road camp, or other penal institution or while working on the public roads or being transported to or from a place of lawful confinement, did attempt to escape from the lawful custody of the Florida Department of Corrections .... ”
Appellant argues that the statutory crime of escape itself includes an attempt to escape, thus there can be no attempt to commit that crime. The authority cited by appellant in support of his position which presents a situation most similar to the present case is Sykes v. State, 397 So.2d 991 (Fla. 1st DCA 1981). In Sykes, this court concluded that controlling precedent required a determination that the crime of attempted grand theft does not exist because the attempt itself is included within the statutory definition of grand theft. However, a comparison of the statute involved in Sykes, Section 812.014, Florida Statutes, and the statute involved in the present case, Section 944.40, Florida Statutes, shows that the rationale of Sykes does not apply in this case.[1] Section 812.014 states that “a person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another ...,” i.e., the definition of theft includes *851 the attempt. There is, however, no comparable definition of escape in Section 944.40. Section 944.40 states that an escape or attempt to escape, alternatively, constitutes a second degree felony. The statute does not provide that a person is guilty of “escape” if he either escapes or attempts to escape. Thus attempted escape may occur in fact, and when that happens it does not become the offense of escape itself “by legislative fiat,” as is apparently the situation in regard to attempted grand theft. See Sykes at 993.
The information in this case properly charged appellant with a crime pursuant to the statute. The denial of appellant’s motion to dismiss the information is AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ., concur.

. Section 812.014 provides:
(1) A person is guilty of thett if he knowingly obtains or uses, or endeavors to obtain or to use; the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.
Section 944.40 provides:
Any person confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree ....