ON MOTION FOR REHEARING OR CERTIFICATION
JOANOS, Judge.
Appellant has moved for rehearing or certification arguing that our distinguishing section 944.40, Florida Statutes, from the theft statute, section 812.014, Florida Statutes, involved in Sykes v. State, 397 So.2d 991 (Fla. 1st DCA 1981) was incorrect. We adhere to our earlier opinion and deny the motion.
As support, appellant points to: Ervin v. State, 410 So.2d 510 (Fla. 2d DCA 1981) in which the district court construed section 812.019, Florida Statutes, which pertains to dealing in stolen property; Hestor v. State, 363 So.2d 26 (Fla. 4th DCA 1978), in which section 918.14, Florida Statutes, relating to tampering with evidence, was considered; and McAbee v. State, 391 So.2d 373 (Fla. 2d DCA 1980) involving section 843.01, Florida Statutes, the statute involving resisting an officer with violence. We agree with appellant that the language of the statutes involved in those cases is similar to the language of section 944.40, in which an attempt is described as a violation of the statute. However, each of those cases, as well as the Sykes case, were concerned with a situation where the defendant was charged in the charging document with a violation of the statute in question, but found guilty of an “attempt” as a lesser included offense pursuant to an instruction on attempts. The courts determined that to be improper. We quibble not with the holdings in those cases. However, the point raised in the appeal before us is whether a defendant may be charged in the information with attempted escape in violation of the statute. The statute, section 944.40, provides that attempted escape is a violation of the statute. The defendant was charged with an attempt to escape in violation of the statute. The jury found him “... GUILTY of Attempted Escape as charged in the Information.” Judgment was entered adjudging him guilty of attempted escape in violation of section 944.-40. The cases cited as support by appellant all dealt with the general attempts statute, section 777.04, Florida Statutes, being en-grafted upon a situation where the statute that the defendant was charged with violating included an attempt as a violation of the statute itself. That is simply not the question raised in this appeal.
Motion DENIED.
LARRY G. SMITH and NIMMONS, JJ., concur.