434 So.2d 325 (1983)
STATE of Florida, Petitioner,
v.
George Washington SYKES, Respondent.
Nos. 60795, 60796.
Supreme Court of Florida.
July 7, 1983.
*326 Jim Smith, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for petitioner.
Melanie Ann Hines, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of a decision of the district court of appeal, Sykes v. State, 397 So.2d 991 (Fla. 1st DCA 1981). The decision below passed upon a question which the district court certified to be of great public importance, thus giving this Court jurisdiction to review the case. Art. V, § 3(b)(4), Fla. Const.
Respondent was charged with the crime of grand theft in the second degree.[1] The trial judge, without objection by the defendant, instructed the jury that it could find the defendant guilty of attempted second-degree grand theft. The jury returned a verdict of guilty of attempted second-degree grand theft, and respondent was adjudged guilty thereof and sentenced. On appeal, respondent argued that there was no such offense as attempted second-degree grand theft, so that the conviction could not stand. He argued further that the lack of objection did not preclude review of his claims, since fundamental error was involved and that the verdict constituted an acquittal on the accusation of second-degree grand theft, requiring his discharge. The district court reluctantly found all of respondent's contentions to be correct but certified the following question:
When a trial court, following what it believes to be the requirements of the law, charges the jury on attempted grand theft under Sections 777.04(1) and 812.014, Florida Statutes, without objection, and the jury returns a verdict of guilty of attempted grand theft based upon evidence supporting a conviction for that offense, notwithstanding that the evidence would also support a conviction of grant theft, is the defendant entitled to be discharged?
397 So.2d at 996. We answer the question in the negative. We agree with the district court that there is no such crime as attempted second-degree grand theft and that respondent's conviction thereof cannot stand. We also agree that such a defective verdict and judgment may be challenged on appeal even though there was no objection at trial. We also hold, however, that the state may re-try the respondent because second-degree grand theft in itself includes an "attempt" to commit second-degree grand theft.
Respondent was charged with second-degree grand theft in violation of section 812.014, Florida Statutes (1977). The statute in effect at the time of alleged offense provided:[2]
(1) A person is guilty of theft if he obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.

*327 (2)(a) If the property stolen is of the value of $20,000 or more, the offender shall be guilty of grand theft in the first degree, punishable as a felony of the second degree, as provided in ss. 775.082, 775.083, and 775.084.
(b) It is grand theft of the second degree and a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084, if the property stolen is:
1. Valued at $100 or more, but less than $20,000.
2. A will, codicil, or other testamentary instrument.
3. A firearm.
4. A motor vehicle.
5. Any member of the genus Bos (cattle) or the genus Equus (horse), or any hybrid of the specified genera.
6. Any fire extinguisher.
(c) Theft of any property not specified in paragraph (a) or paragraph (b) is petit theft and a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Upon a second conviction for petit theft, the offender shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
By including the words, "or endeavors to obtain or use," the statutory language reveals on its face a legislative intent to define theft as including the attempt to commit theft. See State v. Allen, 362 So.2d 10 (Fla. 1978). That is, the substantive offenses defined in the theft statute are defined so that one who attempts to commit theft, first-degree grand theft, second-degree grand theft, or petit theft is deemed to have committed the completed crime. The substantive, completed crime is fully proved when an attempt, along with the requisite intent, is established.
If a criminal offense is defined so that an attempt and the requisite criminal intent constitute the completed crime, it is generally held that there is no separate crime of attempt to commit the offense in question. When one of the ways to commit the offense is to attempt, endeavor, or offer to commit the offense as otherwise defined, then the offense is fully proved by proving such attempt, and there is no separate crime of attempt. See, e.g., Achin v. State, 436 So.2d 30 (Fla. 1982); Adams v. Murphy, 394 So.2d 411 (Fla. 1981), on quest. certified, 598 F.2d 982 (5th Cir.1979); Pagano v. State, 387 So.2d 349 (Fla. 1980); Milazzo v. State, 377 So.2d 1161 (Fla. 1979); King v. State, 339 So.2d 172 (Fla. 1976), affirming 317 So.2d 852 (Fla. 1st DCA 1975); McAbee v. State, 391 So.2d 373 (Fla. 2d DCA 1980); Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA), approved, 340 So.2d 928 (Fla. 1976).
By defining the crimes of theft and grand theft of the first and second degrees so that one of the ways they may be proved is by showing that the accused endeavored to obtain or use the property of another with the requisite criminal intent, the legislature has negated any intention of allowing the general attempts statute[3] to operate with reference to them. Therefore, there is no such offense in Florida as attempted second-degree grand theft. Bell v. State, 382 So.2d 107 (Fla. 5th DCA 1980); McIntyre v. State, 380 So.2d 1064 (Fla. 2d DCA 1980); Miles v. State, 374 So.2d 1167 (Fla. 2d DCA 1979). The jury should not have been instructed that attempt was a lesser included offense, nor should they have been given the option of finding respondent guilty of this nonexistent crime as a lesser included offense.
*328 The district court correctly stated that established authority in Florida holds that one cannot be punished based on a judgment of guilt of a purported crime when the "offense" in question does not exist. Stated differently, it is a fundamental matter of due process that the state may only punish one who has committed an offense; and an "offense" is an act clearly prohibited by the lawful authority of the state, providing notice through published laws. See, e.g., Pagano v. State, 387 So.2d 349 (Fla. 1980); Vogel v. State, 365 So.2d 1079 (Fla. 1st DCA 1979); Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA), approved, 340 So.2d 928 (Fla. 1976). Only by legislative authority may a criminal offense be defined. Adams v. Murphy, 653 F.2d 224 (5th Cir.1981), cert. denied, 455 U.S. 920, 102 S.Ct. 1275, 71 L.Ed.2d 460 (1982); Bradley v. State, 79 Fla. 651, 84 So. 677 (1920). The lack of objection to the instruction could not constitute a waiver of this fundamental defect. We approve that portion of the district court opinion which so held.
We do not agree, however, that respondent must be discharged. The district court's reluctance to so hold was well grounded. In Achin v. State, 436 So.2d 30 (Fla. 1982), we rejected the contention that an appellant who was convicted of a nonexistent offense of attempt was entitled to discharge. Petitioner there argued that the jury's verdict of attempted extortion operated as an acquittal of the main charge, thus barring reprosecution under the double jeopardy clause. We responded: "We find in the present case that because defendant was convicted of a crime which, although technically nonexistent, was in all elements equal to the main offense, the double jeopardy provision of the fifth amendment does not bar defendant's reprosecution." At 32. The same reasoning applies here. Here the instruction was erroneous but the respondent is no more entitled to a discharge here than an appellant is when the court erroneously instructs the jury on the elements of the offense. The appropriate remedy is a new trial. We therefore hold that respondent may be tried again for grand theft in the second degree.
The decision of the district court is approved in part and quashed in part. The certified question is answered in the negative. The case is remanded with directions to order a new trial.
It is so ordered.
ALDERMAN, C.J., and OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents with an opinion, in which ADKINS, J., concurs.
McDONALD, Justice, dissenting.
I dissent. I think it error to disturb a conviction because the verdict was attempted theft. Attempt is part of section 812.014, Florida Statutes (1977), the theft statute. A conviction of attempted theft is a conviction, and not an acquittal, of the crime itself. I would recede from Pagano v. State, 387 So.2d 349 (Fla. 1980), adopt the holding of Edwards v. State, 223 So.2d 746 (Fla. 3d DCA 1969), apply McIntyre v. State, 380 So.2d 1064 (Fla. 2d DCA 1980), to the facts of this case, and endorse the sound reasoning of Judge Larry Smith in his opinion in this cause.
I would unequivocally answer "No" to the certified question.
ADKINS, J., concurs.
NOTES
[1] § 812.014(1), (2)(b), Fla. Stat. (1977).
[2] The statute has since been amended. See § 812.014, Fla. Stat. (1981); chs. 80-389, § 1; 79-124, § 1; 78-348, § 1, Laws of Fla.
[3] Section 777.04(1), Florida Statutes (1977), provides:

(1) Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of the same, commits the offense of criminal attempt and shall, when no express provision is made by law for the punishment of such attempt, be punished as provided in subsection (4).