JOANOS, Judge.
James Richard Peak and Ewell Anthony Peak were found guilty of manufacturing marijuana in violation of Section 893.-13(l)(a), Florida Statutes. They, contend the trial court erred in refusing to give a requested jury instruction on the lesser included offense of attempted manufacturing of marijuana. We agree that under the circumstances of this case, appellants were entitled to the requested instruction, therefore we reverse and remand for a new trial.
The evidence presented indicated that based on information that marijuana was being grown in a particular location, the local sheriff’s office set up a surveillance point at the site. Sheriff’s deputies observed appellants approach and look at the marijuana plants. They observed James Peak cut marijuana plants and hand them to Ewell Anthony Peak. After Ewell Anthony Peak had seven or eight of the plants on his shoulder, the arrests occurred. The house closest to the marijuana patch be *360 longed to James Peak, but one of the deputies testified he did not know who planted or cultivated the plants.
“Manufacture” is defined in Section 893.-02(ll)(a) as:
[T]he production, preparation, progagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container ....
We agree with appellants’ position that attempted manufacture is not the same as the completed crime of manufacture as the crime is defined in the statute, thus it is a separate offense. Compare State v. Sykes, 434 So.2d 325 (Fla.1983). Attempt is listed as a lesser included offense to manufacturing in the schedule of lesser included offenses in the Florida Standard Jury Instructions in Criminal Cases. We also agree that there was evidence to support an instruction on attempted manufacture since the events described could be viewed as a crime short of the completed act of manufacturing, therefore the attempt instruction should have been given, see Fla.R.Crim.P. 3.510 (as amended Oct. 1, 1981) and discussion of that rule in In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981).
REVERSED and REMANDED for a new trial.
ERVIN, C.J., and MINER, CHARLES E., Jr., Associate Judge, concur.