STONE, J.
Foster, charged with the crimes of poisoning and grand theft, appeals her conviction of the non-existent crime of attempted poisoning. Once an attempt to poison is proven, under section 859.01, Florida Statutes, the elements of the crime of poisoning are also established. Therefore, “attempted poisoning” is not a crime. We reverse Foster’s conviction of attempted poisoning and remand for a new trial.
In the course of investigating thefts in a Wal-Mart optometry department, a security officer installed a hidden camera. On the day of the incident, the victim, the optometrist, purchased lunch and brought it back to his office to eat. Upon finishing, the victim left an open can of Dr. Pepper on his desk. The video camera captured Foster shaking rat poison from a plastic bag into the Dr. Pepper can.
Upon returning to his office, the victim took a sip, noticed it contained suspicious-looking granules, and was taken to the *1254 hospital. A chemist tested the residue from the can and found that it contained the same active ingredient, brodifacoum, as rat poison. Foster confessed, stating that she only intended to make the optometrist temporarily sick.
The trial court correctly instructed the jury on the elements of the crime of poisoning under section 859.01, Florida Statutes, stating:
Before you can find the defendant guilty of poisoning food or water the State must prove the following four elements beyond a reasonable doubt. Element number one is Femesha Foster mingled a substance with food or drink. Element number two, that the substance was poison. Element number three, Femesha Foster knew that the substance was poison. Element number four, Femesha Foster did so with the intent to kill or injure another person.
Patently, the statutory definition of the crime of poisoning includes the attempt to poison, as section 859.01 requires only proof that the defendant knowingly mingled poison with food or drink with the intent to kill or injure. A defendant may not be convicted of attempting to commit a crime when the statute setting forth the substantive violation expressly includes the offense of attempt. Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996). Worded differently, a defendant may not be convicted of the separate offense of attempt when proving an attempt would also establish the elements of the substantive crime. State v. Sykes, 434 So.2d 325, 327 (Fla.1983). Here, once the overt act of mingling poison with drink was accomplished, the substantive crime of poisoning was complete. Although Foster’s counsel objected, the trial court instructed the jury on the “lesser-included offense” of attempted poisoning and included it on the verdict form.
In Sykes, the applicable statute, section 812.014, Florida Statutes, provided that “[a] person is guilty of theft if he obtains or uses, or endeavors to obtain or to use, the property of another.... ” § 812.014, Fla. Stat. (1977). The court agreed with the appellant, finding that the language “endeavors to obtain or use” expressly “reveals on its face a legislative intent to define theft as including the attempt to commit theft.” Sykes, 434 So.2d at 327. Therefore, the court found there was no such offense as attempted second-degree grand theft. Id. at 328. See Jordan v. State, 438 So.2d 825, 826 (Fla.l983)(holding that the appellant had been convicted of the non-existent crime of attempting to resist an officer with violence, based on the words “by offering or doing violence” in the statute); see also Adams v. Murphy, 394 So.2d 411, 413 (Fla.l981)(holding that the offense of perjury is completed by the overt act of giving a false statement; therefore, there is no crime of attempted perjury); Sumpter v. State, 11 Fla. 247 (1866).
Further, the Florida Supreme Court has recognized that a defendant, who has been convicted of a non-existent offense with elements identical to the originally charged offense, is not prevented from being re-tried on the original charge by the doctrine of double jeopardy. Jordan, 438 So.2d at 826.
We, therefore, reverse the conviction and sentence and remand for a new trial on the poisoning count.
KLEIN and TAYLOR, JJ., concur.