IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SHANNON HEATHCOCK,

      Appellant,

 v.                                Case No.  5D16-2112

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 11, 2017

Appeal from the Circuit Court
for Citrus County,
Victor J. Musleh, Judge.

Andrew B. Greenlee, of Andrew B.
Greenlee, PA, Sanford, Fritz Scheller, of
Fritz Scheller, P.L., Orlando, and George A.
Couture, of Decatur, GA, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

EDWARDS, J.

Following a jury trial, Shannon Heathcock ("Appellant") was convicted of attempted

sexual battery upon a physically helpless person.  Appellant raises several issues on

appeal, only one of which has merit.  He correctly claims that the jury was erroneously

instructed that he was charged with attempt to commit attempted sexual battery, which is

a non-existent crime. Appellant's trial counsel did not bring the jury instruction mistake to the trial court's attention by a contemporaneous objection. Nevertheless, we are compelled to reverse and remand for a new trial because the erroneous jury instruction constitutes fundamental error.

The trial testimony established that Appellant was literally caught with his pants down. The State presented evidence that the victim, after drinking with Appellant and some colleagues, passed out flat on the ground in the grass next to the parking lot of the bar where they were drinking. Appellant and two other co-workers carried the victim, who was unable to walk, to a van owned by a co-worker. They propped the victim up in the front seat, where she remained essentially non-responsive. The victim was fully dressed and the van door was open when her co-workers and Appellant went back inside the bar. After a while, Appellant returned to the parking lot, supposedly to check on the victim. A few minutes later, the van's owner went to check on the victim. As she got closer, she noticed the van door was now closed. She opened the door to her van, and saw Appellant, with no pants on, standing over the half-naked victim, whose pants and underwear were now pulled down. She screamed at Appellant to get out of her van. The victim did not respond.

Appellant did not testify at trial. However, the jury heard post-incident phone calls, initiated by the victim and recorded by the police, in which Appellant admitted that he attempted and probably did try to have sex with her. Thus, the jury had sufficient evidence to base its verdict that Appellant committed the crime of attempted sexual battery and to reject Appellant's defense that the victim consented to have sex with him.

2

However, a mistake was made in crafting the jury instructions, which resulted in the jury repeatedly being improperly instructed about the crime charged and its elements. The jury was instructed that Appellant was being charged with **attempt** to commit **Attempted** Sexual Battery, as follows:

> In order to prove that the defendant **attempted** to commit the crime of **Attempted** Sexual Battery upon a Physically Helpless Person, the State must prove the following beyond a reasonable doubt:
>
> 1. [Appellant] **did some act toward committing the crime of Attempted Sexual Battery** upon a Physically Helpless Person that went beyond just thinking or talking about it.
>
> 2. He would have committed the crime except that **someone prevented him from committing the crime of Attempted Sexual Battery** upon a Physically Helpless Person or he failed.

(emphasis added).

The State concedes that the "attempting to commit attempted sexual battery" language in the jury instructions was erroneous, but claims that Appellant's lack of a contemporaneous objection waived the issue. Jury instructions "are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred." *State v. Delva*, 575 So. 2d 643, 644 (Fla. 1991) (citations omitted). "To justify not imposing the contemporaneous objection rule, 'the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Id.* at 644-45 (citation omitted).

Here, Appellant was charged with attempted sexual battery, but the jury was instructed that he could be found guilty if he "attempted" to commit attempted sexual

3

battery. However, there is no crime in Florida of "attempt" to commit attempted sexual battery. "If a crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime." *King v. State,* 339 So. 2d 172, 172 (Fla. 1976). Further, if a literal reading of an erroneous jury instruction lessens the State's burden of proving that the defendant committed the crime charged, it constitutes fundamental error. *See Gilley v. State*, 996 So. 2d 936, 939 (Fla. 2d DCA 2008). Here, a literal reading of the erroneous instructions in this case lessens the State's burden of proof because it would permit the jury to convict if it somehow believed that any of Appellant's acts, such as buying the victim and her friends several drinks, one of which they all thought may have been spiked, was more than "simply thinking or talking about" committing the crime of attempted sexual battery.

The State argues that the jury's verdict should stand, as everything in the case from voir dire to closing arguments, other than the erroneous instructions, was clearly focused on whether Appellant committed the crime of attempted sexual battery. Thus, the State continues, it is unlikely that the jury got confused. "[W]hether the evidence of guilt is overwhelming or whether the prosecutor has or has not made an inaccurate instruction a feature of the prosecution's argument are not germane to whether the error is fundamental." *Reed v. State*, 837 So. 2d 366, 369 (Fla. 2002). "It is fundamental error if the inaccurately defined . . . element is disputed . . . , and the inaccurate definition 'is pertinent or material to what the jury must consider in order to convict.'" *Id.* (quoting *Stewart v. State*, 420 So. 2d 862, 863 (Fla. 1982)).

4

Under these circumstances, we find that the erroneous instructions to the jury constitute fundamental error. Accordingly, we reverse Appellant's conviction and remand for a new trial. The other issues raised by Appellant lack merit.

REVERSED AND REMANDED FOR NEW TRIAL.

EVANDER, J., and ATKIN, J.E., Associate Judge, concur.