LETTS, Chief Judge,
concurring specially-
Justice may indeed be blind, but Judges should not be blinded. It is apparent that the defendant knew all along with what crime he was charged and on what date it was committed. Nonetheless he chose to wait in ambush, secure in the thought that he could defeat the prosecution by exposing a scrivener’s error of which he was only too well aware. Judge Schwartz speaking for the Third District has dubbed such tactics as “gotcha” defenses and has denounced them. See Achin v. State, 387 So.2d 375 (Fla. 4th DCA 1980).
Notwithstanding Judge Anstead’s dissent, it is hard for me to envision that this is the kind of prejudice that allows a defendant to go free. The accused visited the result upon himself by relying on a technical mistake as his sole defense and should not now be heard to complain. In so saying, however, I cannot fault the defense for the tactics employed. After all they had the Beamon decision to lean on. The answer to our certification will soon enough establish if they were correct and we are wrong.
*545 I need search for no citation in support of the basic premise that our function is to see that justice is done, not done in. Here it would appear to me that if we reverse this conviction, justice will not be served. Moreover, the Supreme Court affirmance of our Hoffman decision indicates that enquiry by the trial judge into the circumstances, coupled with prior knowledge by the defense, goes a long way toward permitting any amendment. Under the totality of the facts now before us I am convinced the amendment should have been allowed.