120 So.2d 651 (1960)
Edward McNaughton GOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. B-119.
District Court of Appeal of Florida. First District.
May 10, 1960.
Rehearing Denied June 1, 1960.
*652 Forsyth Caro, Pensacola, Curtis Golden, Milton, and Jones & Harrell, Pensacola, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
WIGGINTON, Chief Judge.
Appellant was charged in two counts of an information with the offenses of assault with intent to commit murder on one Pearce Jernigan, and with having wantonly and maliciously shot a pistol at and into a dwelling house owned and occupied by Pearce Jernigan. Upon conviction by a jury on both counts of the information, appellant was adjudged to be guilty and sentenced to a term of imprisonment on each count, the sentences to run concurrently.
It is contended on appeal that the court erred in denying appellant's motion for directed verdict on count two of the information at the close of all the evidence. It is asserted that the evidence is insufficient to sustain the judgment on this count of the information.
The violation alleged in count two of the information is based upon the statute which provides that whoever wantonly or maliciously shoots at or into any dwelling or other house which is being used or occupied shall be punished by imprisonment in the state prison.[1]
The facts and circumstances out of which the charges against appellant arose may be briefly summarized as follows. Appellant was seated in his automobile just outside the Pearce Jernigan home when a bitter and heated controversy arose between him, Pearce Jernigan and Jernigan's wife. Two deputy sheriffs arrived on the scene in response to a call by Jernigan's son. After an exchange of words between appellant and the deputies, appellant shot and killed one of the deputies and wounded the other. Pearce Jernigan who was standing in the yard of the home while the foregoing shooting transpired, ran into his house with appellant in hot pursuit. Appellant fired his pistol at Jernigan several times both before entering the house and after arriving inside it. Several of the spent bullets from appellant's gun were found lodged in both the exterior and interior woodwork of the home, one of which bullets had struck and injured Jernigan during his flight for safety.
*653 The statute now under consideration make it a criminal offense for anyone to maliciously or wantonly shoot at or into any dwelling or other house. The intent of the statute is obvious. It was enacted for the purpose of preserving the life and safety of anyone occupying a dwelling or other house, and to punish anyone who maliciously or wantonly shoots at or into such an occupied dwelling or house. The gravamen of the offense is the wanton or malicious shooting at or into a house. Although the evidence contained in the record clearly reveals that appellant was maliciously and wantonly shooting his pistol during the controversy, his malicious and wanton attitude was directed only toward Jernigan. There is no evidence which either directly or by inference could be said to establish the fact that appellant was wantonly or maliciously shooting at or into the house per se. Even though by his testimony appellant contended that he was firing his pistol only for the purpose of frightening Jernigan in an effort to dissuade him from retaliating with his own gun located inside the house, such evidence falls far short of establishing that appellant was maliciously or wantonly shooting at or into the house within the contemplation of the statute. We are forced to conclude that the statute was never intended to apply to the factual situation presented by the evidence in this case. The trial court therefore erred in denying defendant's motion for directed verdict as to count two of the information. The judgment of conviction and sentence as to count two is reversed and the cause remanded with directions that a judgment on said count be entered in favor of defendant.
Appellant also contends that the court erred in rejecting certain evidence proffered by defendant during the trial, and also erred in admitting other evidence over defendant's objection. We have carefully considered these points on appeal, but find them to be without substantial merit. The judgment and sentence as to count one of the information is affirmed.
Affirmed in part and reversed in part.
CARROLL, DONALD, J., concurs.
STURGIS, J., concurring specially.
STURGIS, Judge (concurring specially).
I am in complete accord with the foregoing opinion. I desire only to add that the firing of the pistol into the dwelling was clearly part and parcel of defendant's attempt to shoot Pearce Jernigan, which resulted in conviction on the first count of the information. Thus the charge embodied in the second count is swallowed up by the conviction on the first count involving a higher crime.
NOTES
[1] F.S. Sec. 790.19, F.S.A. "Whoever wantonly or maliciously shoots at or into, or throws any missile which would produce death or great bodily harm, at or into any dwelling or any other house which is being used or occupied, or any railroad car or locomotive, street car, or vehicle of any kind which is being used or occupied by any person, or any steamboat lying in or plying the waters of this state, shall be punished by imprisonment in the state prison not more then ten years, or by fine not more than five thousand dollars."