PER CURIAM.
Appellant appeals his conviction on a charge of shooting into an occupied building. He alleges error of the trial court to sua sponte grant a mistrial, following alleged prejudicial comment of the prosecuting attorney as to his belief of the appellant’s guilt and failure to direct a verdict of acquittal where even if the appellant was shooting into an occupied building he was shooting at a person and, therefore, could not be guilty under the authority of Golden v. State, 120 So.2d 651 (Fla.1st D.C.A. 1960).
After a review of the record, this case is affirmed on the following authorities: Mead v. State, 214 So.2d 514 (Fla.3rd D.C.A. 1968); Arline v. State, 303 So.2d 37 (Fla.1st D.C.A. 1974); Morgan v. State, 303 So.2d 393 (Fla.2d D.C.A. 1974).
In the case of Golden v. State, supra, the defendant was in hot pursuit of his victim and fired at him as he ran into the house. In considering those facts, the First District *236 Court of Appeal felt that the defendant’s attack was directed only at his intended victim, and that he only incidentally shot into the house. Despite the defendant’s contentions, the facts in the instant case do not square with those in the cited case. Instead, the facts in the instant case are nearly identical to those in Mead v. State, supra. In the latter cited case, this court distinguished Golden v. State as follows:
******
“In Golden the bullets were shot at a man running into a house and were not deliberately fired into the building, as was the case here. Here there was evidence that the appellant, while standing outside the building, deliberately fired two shots from a sawed off shotgun through a plate glass window into a bar which was occupied with several people.
“The conflicting evidence was resolved adversely to the defendant by the trial judge. See Eizenman v. State, Fla.App. 1961,132 So.2d 763. There was sufficient evidence to sustain the finding of the trial judge that Mead’s shooting into the building was done wantonly or malicious-iy * * *”
******
Therefore, the conviction be and the same is hereby affirmed.