SMITH, Judge.
Bass appeals his conviction of attempted second degree murder and armed robbery. Inasmuch as an error in the jury selection process vitiates the conviction, we pass on that point alone.
Bass urges that the special jury venire was not summoned according to Section 40.42, Florida Statutes (1977) in that black members of the community were systematically excluded in the selection of the venire, thereby violating his constitutional right to a jury selected from a body reasonably representative of the community. Article I, Section 16, Florida Constitution; United States Constitution, Amendments VI and XIV.
The trial court, anticipating a shortage of prospective jurors due to exhaustion of the regular venire, ordered the Escambia County sheriff “to summon from the body of the county a sufficient number of qualified jurors to complete the jury panel.” On the day the need for additional jurors became evident, Sergeant Morris of the sheriff’s department attended an evening prayer meeting at his church, the membership of which is entirely Caucasian, and asked for volunteers. Five women volunteered, and two of them served on Bass’s jury. Morris also requested Lois Kemp, an employee of the court clerk, to seek additional jurors. Ms. Kemp called five personal acquaintances, all Caucasians, who agreed to serve, and two of those likewise served on Bass’s jury. Appellant Bass is black.
Section 40.42 reads:
When the venire is exhausted and when the names in the jury box become exhausted during a term of court, then the court may direct the sheriff to summon from the body of the county a sufficient number of qualified jurors to complete the panel.
We need not decide whether Section 40.42 was violated by the sheriff’s partial delegation of his statutory power to Ms. Kemp, the clerk’s employee. In any event, selection of prospective jurors from a discrete group of Caucasian friends and acquaintances of Sergeant Morris and Ms. Kemp— *449 four of whom eventually served on the jury of six — vitiated the jury trial.
The constitutional guaranty of a jury trial includes assurance that the jury be drawn from a fairly representative cross-section of the community. In Taylor v. Louisiana, 419 U.S. 522 at 530, 95 S.Ct. 692 at 697, 42 L.Ed.2d 690 (1975), the Court, in reversing Taylor’s conviction because women as a group had been systematically excluded from jury service, stated:
We accept the fair-cross-section requirement as fundamental to the jury trial guaranteed by the Sixth Amendment and are convinced that the requirement has solid foundation. . . . This prophylactic vehicle is not provided if the jury pool is made up of only special segments of the populace or if large, distinctive groups are excluded from the pool. Community participation in the administration of the criminal law, moreover, is not only consistent with our democratic heritage but is also critical to public confidence in the fairness of the criminal justice system.
Although we recognize the good motives involved in the selection process, it is inescapable that the process precluded the possibility that black members of the community would be among the special ve-nire from which a jury was to be drawn. Although Section 40.42 cannot be administered in an emergency through the same cautious means as are employed in constituting a venire at leisure, it too must be administered in such a way as not to exclude identifiable segments of the populace systematically. The choice of a special ve-nire from an all-Caucasian church body, or from one’s Caucasian friends, is a systematic, if unintended, exclusion of blacks. See Glasser v. U. S., 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); U. S. ex rel. Sturdivant v. New Jersey, 289 F.2d 846 (3rd Cir. 1961).
REVERSED.
MILLS, Acting C. J., and ERVIN, J., concur.