391 So.2d 373 (1980)
Robert Lee McAbee, Appellant,
v.
STATE of Florida, Appellee.
No. 80-749.
District Court of Appeal of Florida, Second District.
December 19, 1980.
*374 Jack O. Johnson, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Robert Lee McAbee argues that his conviction for attempted resisting arrest with violence is void because there is no such crime in this state. We agree and reverse.
Appellant was charged with resisting arrest with violence in violation of section 843.01, Florida Statutes (1979), and subsequently found guilty of attempted resisting arrest with violence. Section 843.01 provides:
Whoever knowingly and willfully resists, obstructs, or opposes any ... municipal police officer ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer ... is guilty of a felony of the third degree... . (Emphasis supplied.)
We believe that the legislature's use of the word "offering" in this statute is equivalent to the use of the word "attempting." See Black's Law Dictionary 1233 (4th ed. 1951). When the definition of the major offense charged includes the attempt to commit that act, there can be no separate crime of attempt. Miles v. State, 374 So.2d 1167 (Fla.2d DCA 1979), and State v. Thomas, 362 So.2d 1348 (Fla. 1978).
Although at trial appellant failed to object to the instruction and charge given on attempted resisting arrest with violence, he is nonetheless entitled to raise his point on appeal because it constitutes "fundamental error." Fundamental error is defined as error which goes to the foundation of the case or goes to the merits of the cause of action. Vogel v. State, 365 So.2d 1079 (Fla. 1st DCA 1979). That doctrine applies to the case at bar because there is no such crime as attempted resisting arrest with violence.
Accordingly, we vacate the judgment and sentence, and direct that McAbee be discharged.
SCHEB, C.J., and RYDER, J., concur.