416 So.2d 1161 (1982)
Frederick JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1199.
District Court of Appeal of Florida, Second District.
June 11, 1982.
Rehearing Denied July 26, 1982.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Clearwater, and Eula Tuttle Mason, Asst. Public Defenders, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Frederick Jordan appeals his conviction for "attempted resisting arrest with violence." Jordan was initially charged with "resisting arrest with violence," in violation of section 843.01, Florida Statutes (1981), which provides:
Whoever knowingly and willfully resists, obstructs, or opposes any ... municipal police officer, ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer ... is guilty of a felony of the third degree... . (Emphasis added.)
*1162 During the charge conference, the following exchange occurred:
Ms. Tierney (Assistant State Attorney): I would ask for attempt on the charge. When you attempt to resist.

... .
Mr. Everhart (Defense Counsel): I think attempt without violence  there is no such thing.

The Court: I don't know why, but the State insists on confusing the jury with attempt charges. It's just so bad. I don't understand why you all would even want that.
... .
Mr. Everhart (Defense Counsel): That's an attempt case? We would object for the record.
The Court: Okay, I'll overrule the objection.
Four jury verdict forms were then given to the jury: (1) not guilty, (2) guilty of resisting arrest with violence, (3) guilty of attempted resisting arrest with violence, and (4) guilty of resisting arrest without violence. The jury returned a verdict of guilty of "attempted resisting arrest with violence," and appellant was adjudicated guilty of that offense by the court.
Thereafter, the trial judge apparently became aware of our holding in McAbee v. State, 391 So.2d 373 (Fla. 2d DCA 1980). In McAbee, we held that the crime of attempted resisting arrest with violence does not exist in Florida and therefore defendant's conviction for such crime is void. The trial judge attempted to resolve this McAbee dilemma by first sua sponte setting aside the conviction for attempted resisting arrest with violence under the authority of rule 3.580, Florida Rule of Criminal Procedure.[1]
Next, pursuant to rule 3.620, Florida Rule of Criminal Procedure,[2] the trial judge found that even though the evidence could not sustain the verdict rendered by the jury, it was sufficient to sustain a finding of guilt on the lesser-included offense of resisting arrest without violence.
Jordan now contends that he was adjudicated guilty of a crime which is nonexistent and that he should therefore be released.
Before we begin our analysis, we feel compelled to congratulate the trial judge on a job well done. We are sympathetic with the plight of the trial courts and understand that because of the crowded dockets they are sometimes forced to rely too heavily on counsel for assistance in these matters. We commend him for his attempt to remedy a difficult situation that was created by the insistence of an unprepared state attorney. However, because of our holding in McAbee and the very recent supreme court case of Achin v. State, No. 59,840 (Fla. Jan. 21, 1982), we are compelled to reverse.
Initially, the lower court's actions following the adjudication of guilt for "attempted resisting arrest with violence" constitute a legal impossibility. The rule that one may be found guilty of a lesser included offense presupposes a finding of guilt on a legally viable greater offense. Here, the appellant was never convicted of a legal crime; hence, the rule of lesser-included offenses does not come into play. If the jury did not find the appellant guilty of an existing crime, the proceeding is at an end upon the jury verdict and Jordan's presumption of innocence is maintained. No case has been cited to us nor have we found *1163 any which permits a conviction for a nonexistent crime. Adams v. Murphy, 394 So.2d 411 (Fla. 1981) (attempted perjury); Pagano v. State, 387 So.2d 349 (Fla. 1980) (attempted corruption by threat against a public servant).
In so holding, we are aware of our holding in McIntyre v. State, 380 So.2d 1064 (Fla. 2d DCA 1980). In that case, appellant/McIntyre also argued that the crime for which he was convicted (attempted grand theft) did not exist. This court rejected the defendant's argument as follows:
[A]ttempted grand theft is not nonexistent in the sense that the activity encompassed by such a charge is not a crime. Rather, the legislature has simply merged this crime with the crime of grand theft by the use of the phrase "endeavors to obtain or to use" in the theft statute, section 812.014, Florida Statutes (1979)... . Thus evidence of an attempt to commit grand theft can convict a person of the crime of grand theft. Since there was competent and substantial evidence that at the very least appellant attempted to commit grand theft, no prejudice could result from construing the verdict as a finding of guilt for grand theft.
However, McIntyre's holding is rejected for the following reasons. Initially, one of the primary legal underpinnings of the decision was that McIntyre's defense counsel had invited the erroneous jury instruction. Judge Grimes reasoned that such a situation was analogous to the line of cases which holds that a person cannot complain of a conviction for a crime which is not a lesser-included offense of the crime with which he was charged when it appears that he induced the error. E.g., Jones v. State, 358 So.2d 37 (Fla. 4th DCA 1978). Clearly this is not the case sub judice as here it was the state attorney who not only proffered but insisted that the erroneous instruction be given.
The recent decision of Achin invalidates McIntyre. In Achin, the Florida Supreme Court reaffirmed the long-standing general rule that one may never be convicted of a nonexistent crime. This result was reached even though defense counsel had invited the error.
The next issue we must address is whether or not the defendant should be discharged on double jeopardy grounds. In Achin, the defendant was found guilty of attempted extortion  a nonexistent crime. However, the Florida Supreme Court held that because defendant was convicted of a crime which, although technically nonexistent, was in all elements equal to the main offense, the double jeopardy provision of the fifth amendment does not bar defendant's reprosecution. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Thus, accordingly, we hold that attempted resisting arrest with violence, while technically nonexistent, is in actuality in all elements equal to the main offense  resisting arrest with violence.
Accordingly, the cause is REMANDED for a new trial.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Rule 3.580 provides:

When a verdict has been rendered against the defendant or the defendant has been found guilty by the court, the court on motion of the defendant or on its own motion may grant a new trial or arrest judgment. (Emphasis added.)
[2] Rule 3.620 provides:

When the offense is divided into degrees or necessarily includes lesser offenses, and the court, on a motion for a new trial, is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of such lesser degree or lesser offense necessarily included in the charge, unless a new trial is granted by reason of some other prejudicial error.