438 So.2d 825 (1983)
Frederick JORDAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 62419.
Supreme Court of Florida.
September 29, 1983.
*826 Jerry Hill, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Tenth Judicial Circuit, Clearwater, for petitioner.
Jim Smith, Atty. Gen. and Michael J. Kotler, Asst. Atty. Gen., Tampa, for respondent.
EHRLICH, Justice.
Petitioner seeks review of the decision of the Second District Court of Appeal, Jordan v. State, 416 So.2d 1161 (Fla. 2d DCA 1981), on grounds of direct and express conflict with decisions of this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner was brought to trial on a charge of resisting arrest with violence pursuant to section 843.01, Florida Statutes (1979). At the prosecutor's request, over defense objection, the jury was instructed on attempted resisting arrest with violence as a lesser-included offense and the jury returned a verdict of guilty of attempted resisting arrest with violence. In fact, section 843.01 makes the attempt a part of the crime.[1] Thus, the crime for which petitioner was convicted does not exist. The trial court, belatedly becoming aware of this, adjudicated petitioner guilty of the lesser-included offense of resisting arrest without violence. The district court set aside the adjudication and remanded for a new trial on the original charge, citing this Court's decision in Achin v. State, 436 So.2d 30 (Fla. 1982), as authority for the proposition that when a defendant has been convicted of a non-existent offense which, in fact includes all the elements of the offense originally charged, double jeopardy does not prevent retrial on the original charge.
Petitioner contends that Achin turns on the "invited error" doctrine, in that Achin's counsel had requested the defective instruction. In State v. Sykes, 434 So.2d 325 (Fla. 1983), we disposed of that contention and reached the same result as Achin. Sykes and Achin control the case at bar, and this district court has reached the result those decisions mandate.
Therefore, the decision of the district court is approved and this cause is remanded for a new trial.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
NOTES
[1] 843.01 Resisting officer with violence to his person.  Whoever knowingly and willfully resists, obstructs, or opposes any sheriff, deputy sheriff, officer of the Florida Highway Patrol, municipal police officer, county or municipal correctional officer, beverage enforcement agent, officer of the Game and Fresh Water Fish Commission, officer of the Department of Natural Resources, member of the Florida Parole and Probation Commission or any administrative aide or supervisor employed by said commission, parole and probation supervisor or parole and probation officer employed by the Department of Corrections, county probation officer, personnel or representative of the Department of Law Enforcement, or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis supplied.)