SHARP, Judge.
Cox appeals from convictions for making a false report of a crime to a police officer[1] and attempting to make a false insurance claim to an insurer.[2] He raises many points. The only one we find has merit is that there is no such crime in Florida as an attempt to make a false insurance claim.
Cox was charged with violating section 817.234, Florida Statutes (1981), which provides in part:
(l)(a) Any person who, with the intent to injure, defraud, or deceive any insurance company, including, but not limited to, any motor vehicle, life, disability, credit life, credit, casualty, surety, workers’ compensation, title, premium finance, reinsurance, fraternal benefit, or home or automobile warranty company:
1. Presents or causes to be presented any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim; or
2. Prepares or makes any written or oral statement that is intended to be presented to any insurance company in connection with, or in support of, any claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim,
is guilty of a felony of the third degree. ...
In this case the evidence was sufficient to sustain a jury’s determination that Cox violated section 817.234 by making telephone calls to two agents for Nationwide Insurance Company and reporting the theft of a trailer he knew had not been stolen. Later he called the claims agent and told her he wanted to withdraw the claim. Nationwide never paid any money to Cox or any other person because of the claim.
At the close of the trial defense counsel urged the court to give the jury an instruction on attempt, regarding the false insurance claim count. The trial judge said he did not think attempt was a lesser included offense of this crime because the crime itself encompassed acts which would be attempts. He cited Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976), approved, 340 So.2d 928 (Fla.1976). However, contrary to his initial ruling, the trial judge instructed the jury on attempt. The jury returned a verdict of guilty of “attempted false and fraudulent insurance claim, a lesser included offense of Count II,” and the judge allowed the verdict to stand.
We are unable to distinguish this case from King v. State, 317 So.2d 852 (Fla. 1st DCA 1975), aff'd, 339 So.2d 172 (Fla.1976), which held there is no such crime as attempting to utter a forged instrument because the substantive crime itself includes acts which would be attempts. “If the crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime.” King at 853. This analysis was also employed in Silves-tri, wherein the court held there was no such crime in Florida as the attempted making of a false report to a police officer concerning a crime under section 817.49, Florida Statutes (1975), because the acts constituting an attempt were included in the criminal offense itself.
Recently the Florida Supreme Court held in State v. Sykes, 434 So.2d 325 (Fla.1983), that there is no such crime in Florida as attempted second degree theft because the statute defines an attempt to commit the offense as part of the substantive crime. “The substantive completed crime is fully proved when an attempt, along with the requisite intent, is established.” Id. at 327.
In this case, the substantive crime clearly encompasses acts which logically are prepatory or preliminary to presenting a false claim to an insurance company. Even more clearly than section 817.49, Florida Statutes (1981), section 817.234 encompasses attempts.
*1015 The error in this case was clearly invited and urged on the trial court by defense counsel. To grant Cox a remedy based on that error seems outrageous to our system of justice as well as a complete collapse of logic. However, we are bound by Sykes, and Achin v. State, 436 So.2d 30 (Fla.1982), wherein the court reiterated the general rule that one may never be convicted of a nonexistent crime.
Accordingly, we reverse Cox’s judgment based on Count II. Attempted making of a false and fraudulent insurance claim is a nonexistent crime in Florida, since attempt is encompassed in the substantive offense itself. On remand Cox can be retried for the offense set forth in section 817.234. Double jeopardy will not bar a new trial. Sykes; Achin; Jordan v. State, 416 So.2d 1161 (Fla. 2d DCA 1982).[3] We affirm Cox’s conviction under Count I.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ORFINGER, C.J., and DAUKSCH, J., concur.

. § 817.49, Fla.Stat. (1981).

. § 817.234, Fla.Stat. (1981).

. These cases held that double jeopardy did not bar reprosecution where the defendant was convicted of a crime which although technically nonexistent, was in all elements equal to the main offense.