454 So.2d 769 (1984)
Rodney POLITE, Appellant,
v.
STATE of Florida, Appellee.
No. AW-29
District Court of Appeal of Florida, First District.
August 24, 1984.
Rehearing Denied September 17, 1984.
*770 Michael E. Allen, Public Defender; Michael J. Minerva, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences for various offenses including battery, throwing a missile at an occupied vehicle, and attempted resisting an officer with violence. Since there is no such offense under the laws of Florida, we reverse the judgment and sentence for attempted resisting an officer with violence. Appellant having presented no other point of reversible error,[1] we otherwise affirm the judgments and sentences appealed.
Appellant was tried on various charges including resisting an officer with violence in violation of § 843.01, Florida Statutes. The jury returned a verdict of not guilty as to the charged offense, but found appellant guilty of attempted resisting an officer with violence. As delineated in Plummer v. State, 455 So.2d 550 (Fla. 1st DCA 1984), since § 843.01 proscribes offering to do the prohibited act, the attempt is therefore a part of the crime and there is no lesser included offense of attempted resisting an officer with violence. Accord, Jordan v. State, 438 So.2d 825 (Fla. 1983). It is reversible error to convict a defendant of such non-existent offense, even where, as here, the issue is not raised at trial. Plummer, supra; see also, State v. Sykes, 434 So.2d 325 (Fla. 1983).
Appellant was also tried on charges of aggravated battery and throwing a missile at an occupied vehicle. The jury returned a verdict of not guilty as to the aggravated battery charge, but found appellant guilty of the lesser offense of simple battery. The jury also found appellant guilty of the charged offense of throwing a missile at an occupied vehicle. Both offenses were predicated upon appellant's single act of hurling a brick which passed through the window of an automobile and struck an individual seated therein. Section 790.19, Florida Statutes, which prohibits throwing a missile at, within, or in an occupied vehicle, expressly requires that the prohibited act be done "wantonly or maliciously." Relying on Golden v. State, *771 120 So.2d 651 (Fla.1st DCA 1960), appellant argues that this requirement, and the specific intent necessary to establish a battery under § 784.03, Florida Statutes, are mutually exclusive elements such that both statutes may not be violated by a single act.
In Johnson v. State, 436 So.2d 248 (Fla.5th DCA 1983) (Cowart concurring), it was indicated that § 790.19 might apply to one who acts "with reckless disregard of the potential deadly consequences," and that:
The words `wantonly or maliciously' relate to a mental element and describe the condition or attitude of mind which must accompany the prohibited act. But the statute does not require that the defendant's malevolent attitude be that of a specific intent . .. to harm the object involved.
As so construed, § 790.19 might thus be violated by one who has no malevolence toward a vehicle or structure itself, but acts with a wanton or malicious attitude directed toward an individual within or near the vehicle or structure. See also Skinner v. State, 450 So.2d 595 (Fla.5th DCA 1984), petition for review filed, Case No. 65,510; see generally, Ballard v. State, 447 So.2d 1040 (Fla.2d DCA 1984).
In the circumstances of the present case appellant's convictions for both battery and throwing a missile at an occupied vehicle could therefore be predicated on the single act of hurling a brick which struck an individual within the vehicle. The mental elements which the offenses require are not in all instances mutually exclusive, and furthermore in the present case the evidence is such as to permit a conclusion that appellant intended his single act to effect damage and injury to both the vehicle and the individual therein. To the extent that Golden, supra, may suggest a result contrary to that reached in this case, we hereby recede therefrom and adopt the rationale expressed in Johnson.
The judgment of conviction and sentence for attempted resisting an officer with violence is hereby reversed, the various other judgments and sentences appealed are affirmed, and the cause is remanded[2] for further proceedings.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] Other issues raised in this appeal are addressed in Carwise v. State, 454 So.2d 707 (Fla. 1st DCA 1984).
[2] On remand appellant may again be tried upon the charge of resisting an officer with violence. See Jordan, supra; cf., Sykes, supra.