455 So.2d 550 (1984)
Wade Lee PLUMMER, Appellant,
v.
STATE of Florida, Appellee.
No. AW-34.
District Court of Appeal of Florida, First District.
August 24, 1984.
Rehearing Denied September 18, 1984.
Michael E. Allen, Public Defender, Michael J. Minerva, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences for various offenses including attempted resisting an officer with violence. Since there is no such offense under the laws of Florida, we reverse the judgment and sentence for attempted resisting an officer with violence. Appellant having presented no other point of reversible error,[1] we otherwise affirm the judgments and sentences appealed.
Appellant was tried on various charges including resisting an officer with violence in violation of § 843.01, Florida Statutes. The jury returned a verdict of not guilty as to the charged offense, but found appellant guilty of attempted resisting an officer with violence. However, § 843.01 proscribes offering to do the prohibited act, the attempt is therefore a part of the crime. See Jordan v. State, 438 So.2d 825 (Fla. 1983). There is thus no lesser included offense of attempted resisting an officer with violence, and conviction of a defendant of such nonexistent offense is reversible error. Jordan, supra. This result obtains even where, as here, the issue is not raised at trial. See State v. Sykes, 434 So.2d 325 (Fla. 1983).
The judgments and sentences appealed are otherwise affirmed; the judgment of *551 conviction and sentence for attempted resisting an officer with violence is hereby reversed, and the cause is remanded[2] for further proceedings.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] Other issues raised in this appeal are addressed in Carwise v. State, 454 So.2d 707 (Fla. 1st DCA 1984).
[2] On remand appellant may again be tried upon the charge of resisting an officer with violence. See Jordan, supra; cf., Sykes, supra.