BOARDMAN, Judge.
This is a petition for writ of certiorari to review the order of the circuit court sitting *451 in its appellate capacity. We have jurisdiction. Fla.R.App.P. 9.030(b)(2)(B) and 9.100.
We regard the sole issue as being whether there exists in Florida the crime of attempted resisting arrest without violence.
The state charged respondent as follows: GREGORY ALLEN TOUSIGNANT ... did knowingly and unlawfully attempt to obstruct or oppose Patrolman D. Bautis-ta, a law enforcement officer of the St. Petersburg Police Department, Pinellas County, Florida, while in the lawful execution of a legal duty which consisted of investigating a traffic offense, without offering or doing violence to the person of the officer, to-wit [sic]: by switching seating positions in an automobile; contrary to Chapter 843.02/777.04[,] Florida Statutes....
Respondent filed a motion to dismiss alleging that the crime charged did not constitute a criminal offense under Florida law.[1] After hearing, the court granted the motion. The state thereafter appealed to the circuit court, whereupon the circuit court affirmed. In so ruling, the circuit court stated that “[i]n dismissing the information, the trial court was apparently persuaded that there is no separate offense of attempted obstruction or opposing a police officer by analogy to McABEE V. STATE, 391 So.2d 373 (2d DCA-Fla. 1980). [sic] as is this Court.”
We find the circuit court erred in two respects. First, contrary to the circuit court’s belief, the trial court did not find that the crime charged is not an offense. The trial court only determined that the undisputed facts, as pleaded in the information, did not amount to a criminal violation. Second, the circuit court departed from the essential requirements of law in relying on McAbee v. State, 391 So.2d 373 (Fla. 2d DCA 1980), as that decision has no application to the instant case.
In McAbee the defendant was charged with resisting arrest with violence in violation of section 843.01, Florida Statutes (1979), and subsequently found guilty of attempted resisting arrest with violence. Section 843.01 proscribes not only “doing” violence to the person of the police officer but also “the offer” to do violence. The McAbee court believed the legislature’s use of the word “offering” in the statute was equivalent to the use of the word “attempting” and therefore held that there can be no separate crime of attempted resisting arrest with violence. Accord Jordan v. State, 438 So.2d 825 (Fla.1983); Plummer v. State, 455 So.2d 550 (Fla. 1st DCA 1984); Polite v. State, 454 So.2d 769 (Fla. 1st DCA 1984).
The holding in McAbee was predicated upon the well-settled principle that when the definition of an offense charged includes the attempt to commit that act, there can be no separate crime of attempt. State v. Thomas, 362 So.2d 1348 (Fla.1978). With respect to section 843.02,[2] however, such is not the case. The key language of the provision, “without offering or doing violence,” merely abolishes the use of violence as an element of the offense, thus indicating the legislature’s intent that resisting arrest under 843.02 constitutes a separate and distinct crime from that provided in section 843.01. Therefore, we hold that the crime of attempted resisting arrest without violence does exist in Florida.
Accordingly, we grant the petition for writ of certiorari and remand the cause to *452 the circuit court for appropriate review of the trial court’s finding that respondent’s actions did not constitute a violation of section 843.02. In the event the circuit court is unable, on the record, to review the trial court’s finding, it should remand the cause to the trial court for further proceedings consistent with this opinion.
RYDER, C.J., and DANAHY, J., concur.

. The motion to dismiss was not filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), although the record indicates the trial court apparently treated it as such.

. 843.02 Resisting officer without violence to his person. — Whoever shall obstruct or oppose any such officer, beverage enforcement agent, member of the Florida Parole and Probation Commission or any administrative aide or supervisor employed by said commission, parole and probation supervisor or parole and probation officer employed by the Department of Corrections, personnel or representative of the Department of Law Enforcement, or legally authorized person, in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.