KLEIN, Judge.
Appellant was charged with aggravated battery and resisting arrest without violence, but was only found guilty of attempted resisting arrest without violence. He argues that there is no such crime; however, we disagree and affirm.
Appellant recognizes that State v. Tousignant, 460 So.2d 450 (Fla. 2d DCA 1984) holds that there is a crime of attempting to resist arrest without' violence, but argues that it was incorrectly decided. In Tousignant the defendant was relying on a prior decision of the second district, McAbee v. State, 391 So.2d 373 (Fla.App.2d DCA 1980), in which the court had held that there is no such crime as attempted resisting arrest with violence. As the Tousignant court pointed out, however, the statute governing resisting arrest with violence, section 843.01, prohibits an “offer” to do violence, as well as doing violence. There is accordingly no separate crime of attempting to resist arrest with violence, because attempting to do violence is the same as offering to do violence, and the attempted crime is therefore included within the statutory definition of the crime. Accord Jordan v. State, 438 So.2d 825 (Fla.1983).
As the Tousignant court further explained, section 843.02, making resisting an officer without violence a crime, is worded differently, and does not include the offering language. The court concluded that because of that distinction, attempted resisting arrest without violence is not included within the statutory definition, and is therefore a separate crime. See § 777.04, Fla. Stat. (1993) *962 (providing for the punishment of a person who attempts to commit an offense prohibited by law, but fails).
We agree with Tousignant and affirm.
SHAHOOD and GROSS, JJ., concur.