DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**MICHAEL DELPRETE,**
Appellee.

No. 4D20-1680

[September 22, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 56-2018-CF-000241-A.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellant.

David M. Lamos of Law Offices of David M. Lamos, Fort Pierce, and Juan F. Torres III, Fort Pierce, for appellee.

FORST, J.

The State appeals the trial court's order granting Appellee Michael Delprete's amended motion to dismiss. The State argues that the trial court erred in: (1) misinterpreting section 817.234, Florida Statutes (2016), by reading a justifiable reliance element into the statute, and (2) finding the State's traverse insufficient to establish a prima facie case of insurance fraud. We agree with the State's arguments and therefore reverse the dismissal.

**Background**

Appellee was charged by Information with one count of "False Insurance Claim $20,000 to $100,000," stemming from a July 2016 motor vehicle accident. In the accident, Appellee's vehicle, a second vehicle, and an electrical box sustained damage.

Appellee twice reported the accident to his insurer. Both times, Appellee claimed his vehicle had been stolen and he was not driving his

vehicle at the time of the accident. However, in contrast to Appellee's representations, his insurer received a police report stating that Appellee had been driving his vehicle at the time of the accident. Despite these competing statements as to the driver's identity, the insurer relied on the police report and elected to pay out under Appellee's collision coverage.[1]

The State initially charged Appellee with "Leaving the Scene of an Accident." That case proceeded to a jury trial in January 2018. Appellee testified at that trial that he was merely a passenger at the time of the accident, as his *uncle* had been driving. Although the jury ultimately acquitted Appellee of the Leaving the Scene charge, shortly thereafter—based upon his testimony that his uncle had been driving the vehicle at the time of the accident—the State opened a new case, charging Appellee with insurance fraud.

Appellee filed an amended sworn motion to dismiss the insurance fraud charge, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). *Id.* ("[T]he court may at any time entertain a motion to dismiss . . . [if t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant."). In the motion, Appellee relied upon the deposition testimony provided by one of the insurer's claims managers.

The claims manager had testified that, although Appellee reported the claim as a theft, the insurer elected to pay out under Appellee's collision coverage.[2] The claims manager had further testified that Insurer would have handled the claim as a collision loss even if Appellee's uncle had been the driver.

Appellee thus argued that, because under section 817.234, Florida Statutes (2016), any alleged misrepresentation "must be material and it

---

[1] Background information is taken from the trial court order's "Established and Undisputed Facts" section. In the order, the court mistakenly asserted that the insurer had paid out under Appellee's comprehensive coverage rather than his collision coverage.

[2] The claims manager later testified that if Appellee or his uncle, rather than a thief, was the driver at the time of the accident, this would have affected Appellee's insurance coverage and the insurer's ensuing payout. In circumstances involving theft, comprehensive coverage would have applied, providing an insurance payout solely for damage to the stolen vehicle. On the other hand, in a standard accident involving a driver with "permissive use of the vehicle," collision coverage would have applied, providing an insurance payout for damage to the insured vehicle, other involved vehicles, and damaged property.

2

must have induced justifiable reliance on the statement that led to the payment of the claim," he was entitled to dismissal of the insurance fraud charge, as "[n]o reliance was made upon the statements of [Appellee] by the insurance carrier."

The State filed a traverse, responding to every paragraph contained within Appellee's amended motion to dismiss. The State's traverse essentially argued that a charge of insurance fraud did *not* require an element of justifiable reliance.

The trial court later held a hearing on the amended motion to dismiss. At the hearing, Appellee repeated his argument that—absent some demonstrated reliance on his alleged misstatements—an essential element of the crime was missing, and dismissal was proper. The State, in turn, asserted it had alleged sufficient facts and legal argument to overcome Appellee's motion to dismiss.

In support of the traverse's sufficiency, the State called the insurer's claims manager to testify at the hearing. The claims manager's testimony largely duplicated his earlier deposition statement, as he again testified that the insurer had not relied upon Appellee's alleged misstatements in paying out Appellee's insurance claim under his collision coverage, and Appellee's insurance claim would have been processed under the policy's comprehensive coverage if the insurer had relied upon his statements. Moreover, the claims manager testified that whether an insurance claim is processed under collision or comprehensive coverage "matter[ed]" to the insurer.

The trial court later entered a detailed order granting Appellee's amended motion to dismiss. The court found the State's traverse "lacking in citing material facts to dispute the facts set forth" in Appellee's motion, though it acknowledged that at least one paragraph in the traverse did "assert relevant disputed facts."

Despite this acknowledgement, because the trial court deemed "[t]he central issue . . . [to be] whether or not the statements made by [Appellee] to [Insurer] for damages were material to the insurance company paying the claims," and because there was no dispute that Insurer had handled the claim under Appellee's collision coverage rather than his comprehensive coverage, the court found that dismissal was appropriate. The State timely appealed.

**Analysis**

"Because a motion to dismiss pursuant to rule 3.190(c)(4) requires the lower court to make a pretrial determination of the law of the case when the facts are not in dispute, the standard of review on appeal is de novo." *State v. Benjamin*, 187 So. 3d 352, 354 (Fla. 4th DCA 2016) (quoting *State v. Hinkle*, 970 So. 2d 433, 434 (Fla. 4th DCA 2007)). Similarly, "issues of statutory interpretation are reviewed de novo." *State v. Sampaio*, 291 So. 3d 120, 123 (Fla. 4th DCA 2020).

*A. Insurance Fraud's Elements*

"In construing the meaning of a statute, we first look at its plain language." *Montgomery v. State*, 897 So. 2d 1282, 1285 (Fla. 2005). "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Id.* (quoting *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)).

The "false and fraudulent insurance claims" statute provides in pertinent part:

> (1)(a) A person commits insurance fraud punishable as provided in subsection (11) if that person, with the *intent to* injure, defraud, or *deceive any insurer*:
>
> 1. *Presents* or causes to be presented *any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy* or a health maintenance organization subscriber or provider contract, *knowing that such statement contains any false*, incomplete, or misleading *information concerning any fact or thing material to such claim*[.]

§ 817.234(1)(a)1., Fla. Stat. (2016) (emphases added). Noticeably absent from the statute is any "reliance" element—whether justifiable or otherwise. Indeed, the statute's plain language supports the State's position that reliance is not an element of a section 817.234 violation.

Florida case law further supports this contention. In *Cox v. State*, 443 So. 2d 1013 (Fla. 5th DCA 1983), a defendant twice called his insurance company and reported the theft of a trailer which he knew had not been stolen. *Id.* at 1014. The defendant later called his insurer and requested

4

to withdraw the claim. *Id.* Despite his insurer never paying any money on the claim, the State charged the defendant with violating section 817.234(1)(a), Florida Statutes (1981). *Id.* At trial, defense counsel requested—and the trial court provided—a jury instruction on attempt. *Id.* The jury subsequently convicted the defendant of "attempted false and fraudulent insurance claim." *Id.*

On appeal, the Fifth District held that "[a]ttempted making of a false and fraudulent insurance claim is a nonexistent crime in Florida, since attempt is encompassed in the substantive offense itself." *Id.* at 1015. As further noted by the court, "the substantive crime [of insurance fraud under section 817.234(1)(a)] clearly encompasses acts which are prepa[ra]tory or preliminary to presenting a false claim to an insurance company." *Id.* at 1014. Thus, the court remanded for the defendant to be "retried for the offense set forth in section 817.234." *Id.* at 1015.

The Fifth District's remand to the trial court—even though the insurer in that case never paid the claim—demonstrates an implicit approval of an insurance fraud charge under such circumstances. Though the Fifth District analyzed the insurance fraud statute's 1981 version, and the statute has since been amended multiple times, the only material changes to the statute have been clarifications or updates addressing the degree of punishment, with the statute's elements remaining nearly identical. *Compare id.* at 1014 (quoting § 817.234(1)(a), Fla. Stat. (1981)), *with* § 817.234(1)(a), Fla. Stat. (2016).

Here, like in *Cox*, the insurer did not pay out any insurance proceeds connected with an alleged misstatement. Nonetheless, the argument that the insurer did not ultimately rely on Appellee's statements is immaterial to the insurance fraud charge's validity. The statute simply does not mandate dismissal merely because an insurer did not act on an alleged misrepresentation. To read the statute otherwise would negate *Cox*'s assertion that attempt is encompassed within the insurance fraud statute. 443 So. 2d at 1015. Consequently, we hold the trial court erred in dismissing Appellee's insurance fraud charge based upon a non-existent reliance element.

*B. The Traverse's Sufficiency*

Having determined reliance is not an element of a section 817.234(1)(a) violation, we next examine whether the State's traverse was legally sufficient.

Under Florida Rule of Criminal Procedure 3.190(d), "[a] motion to dismiss under subdivision (c)(4) . . . shall be denied if the [S]tate files a traverse that, *with specificity,* denies under oath the material fact or facts alleged in the motion to dismiss." Fla. R. Crim. P. 3.190(d) (emphasis added). In a traverse, "[t]he State need only specifically dispute a material fact alleged by the defendant or add additional material facts that meet the minimal requirement of a prima facie case. If a material fact is disputed, denial of the motion to dismiss is mandatory." *State v. Kalogeropolous,* 758 So. 2d 110, 112 (Fla. 2000). So long as discernable disputed facts exist, a prima facie case has been met. *See State v. Taylor,* 16 So. 3d 997, 1001–02 (Fla. 5th DCA 2009).

Here, the trial court deemed the undisputed fact that the insurer had disregarded Appellee's statements and paid the claim under Appellee's collision coverage to be determinative. Although the trial court took issue with several portions of the State's traverse, the trial court did so in the context of a non-existent statutory element of justifiable reliance, notwithstanding its acknowledgment that the State's traverse at least in part asserted relevant disputed facts. Because section 817.234(1)(a) does not contain a reliance element (justifiable or otherwise), we necessarily hold that the trial court erred in finding the traverse insufficient based on its erroneous interpretation of this statute.

Reversing the dismissal is appropriate here because: (1) "intent or state of mind is not an issue to be decided on a motion to dismiss under Rule 3.190(c)(4)," *State v. Book,* 523 So. 2d 636, 638 (Fla. 3d DCA 1988); (2) the parties do not dispute that Appellee presented an oral statement in connection with his insurance policy under section 817.234(1)(a); and (3) the parties' disagreement as to any alleged misstatement's materiality constituted a dispute concerning material facts. As the State asserted a prima facie case of insurance fraud under the statute, the fact finder must determine if Appellee's alleged misstatements were "information concerning any fact or thing material to [Appellee's insurance] claim."

## Conclusion

The trial court erred in reading a non-existent justifiable reliance element into section 817.234, and therefore erroneously found the State's traverse legally insufficient. Accordingly, we hold that the trial court erred in granting Appellee's amended motion to dismiss. We reverse and remand for reinstatement of the insurance fraud charge, and for the entry of an order denying Appellee's rule 3.190(c)(4) motion.

*Reversed and remanded with instructions.*

6

CIKLIN and GERBER, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***